PAN AMERICAN PETROLEUM CORPO-
RATION, Appellant,

v.

Charles A. MITCHELL, Appellee.

No. 5403.

Court of Civil Appeals of Texas.

El Paso.

July 27, 1960.

Kay M. Nolen, Ft. Worth, Gerald Fitz-Gerald, Lynch & Chappell, Midland, for appellant.

John R. Lee, Kermit, for appellee.

FRASER, Justice.

On motion for rehearing, we have concluded that our original opinion is incorrect. Therefore, the original opinion is hereby withdrawn, and the judgment of this court, heretofore entered on June 15, 1960, reforming and modifying the judgment of the trial court, is ordered set aside; and the following opinion substituted as the opinion of this court:

This is a suit for damages for alleged trespass, which was filed by appellee, Charles A. Mitchell, as plaintiff in the trial court, against the defendant-appellant. Appellant had dug a hole and placed a telephone pole therein as a part of a telephone line upon premises that appellee claimed as his, and on which he asserted appellant had no right to place any part of its telephone line. The matter was tried to a jury, and upon their findings the court rendered judgment in favor of appellee for $823.75 actual damages and $1,635.25 as exemplary or punitive damages. The court, in its judgment, ordered and adjudged title and possession of the premises in appellee, and restrained and enjoined appellant from further using or maintaining its east-west telephone line as located on the South one-half of Section 23, Block B–10, P.S.L., Winkler County, Texas. The telephone pole and hole were located in the corner of the above described half-section.

Appellant's first point charges error in that the trial judge refused to certify his disqualification. It seems that, on the first trial of this matter, which was held before the court without a jury, the trial judge declared in open court that he recalled that appellee had told him all about this case, and that, under the circumstances he felt a mistrial should be granted. Appellee then paid the jury fees and the case was placed on the jury docket. Appellant then filed motion praying that the judge certify his disqualification. This motion was denied. The trial judge stated that, inasmuch as a jury had been summoned, he would not be required to make findings of fact, etc., and that therefore he would go ahead and preside in the case. It was stipulated between the parties that the trial judge had no pecuniary interest in the case; that his interests would not be affected by the outcome; that he was not related within the third degree to any of the parties; and that he had never been of counsel to any parties to the cause.

■ The trial judge not being disqualified under the provisions of Section 11, Article V of the Constitution of Texas, Vernon's Ann.St., and Article 15 of the Vernon's Ann. Civil Statutes of Texas, we do not find error in his declining to grant the motion. It was his own idea that he declare the mistrial originally, and there being no statutory or constitutional disqualification, the matter came within the trial judge's own judgment and discretion as to whether or not he should proceed to hear the case when tried before a jury. He exercised his judgment and discretion, and we believe that such was final, and that we have no authority to change or revoke the same. This point is accordingly overruled.

■ Appellant's second point alleges that it had the legal right, by virtue of its north-south right of way grant, to set the pole where it did. We do not believe this point has been adequately proven, because the original right of way grant from Mitchell dedicated a strip of land extending in a

southerly direction *to* the southwest corner of Section 23, together with the right of ingress and egress, etc. Inasmuch as this pole was set *within* the southwest corner of Section 23, we do not believe it came under the terms of their right of way grant, nor could such be implied thereunder on the ground of reasonable use or the right of ingress and egress. This point is accordingly overruled.

██ Points 3, 4 and 5 claim that the court wrongfully submitted the matter of damages on a question of market value immediately before and after the placing of the pole, and that testimony of witness Finley was inadmissible to prove such, and that there is no jury finding that appellant caused the injury and that same was permanent. We believe that these points must be sustained, as we are of the opinion that there is insufficient evidence to sustain the jury's answers thereto. Witness Finley and plaintiff Mitchell both testified that the hole had been dug in the corner of this section, and that heavy equipment had made ruts and tracks in an area of about one-half acre. Both testified that this one-half acre had been rendered useless for its original and normal purpose—to-wit, that of ranching. Witness Finley fixed the value of such ruined land at $25. Thereafter, said witness testified that the damage to the remaining 319 acres of the half-section was, in his opinion, $5 per acre. He does not explain how he arrives at this particular figure, nor does his testimony make it clear as to why the rest of this half-section is damaged by the hole and ruts on the half-acre corner. Plaintiff Mitchell testified that the ruts would cause a type of erosion that would eventually spoil and ruin the rest of this half-section. He does not say when this would come about, nor is it clear why the damage would stop at this particular half-section, nor why it could not be confined to the half-acre area. The burden is placed on the plaintiff to show, not only the damage, but the extent of the damage, and we do not believe there was sufficient evidence here, other than speculation and some pos-

sibilities, to sustain the jury's finding that plaintiff had been damaged in the sum of $823.75 actual damages. The only direct and specific testimony as to damages is confined to the half-acre where the hole was dug and the trucks had been active. This amount was set at $25. There is only what appears to be speculation as to possible damage to the rest of the section. This has been held to be insufficient; as, for example, in the case of State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, 200, the Court said:

> "Evidence should be excluded relating to remote, speculative, and conjectural uses, as well as injuries, which are not reflected in the present market value of the property."

Then, the Supreme Court, in Texas Electric Service Co. v. Campbell, Tex., 336 S.W. 2d 742, 745, says:

> "We regard all of this evidence based on possibilities rather than reasonable probabilities, * * * and on speculation, as incompetent."

We think these authorities are binding upon us here, as there is no evidence, other than plaintiff's own statement, that ruts and tracks on a small area of one-half acre would ruin, eventually, 319 acres, and no satisfactory explanation of witness Finley's testimony that the other 319 acres would be damaged to the amount of $5 per acre. These points are accordingly sustained.

██ Points 6, 7 and 8 relate to the court's action in allowing punitive damages as found by the jury. It is settled law that punitive damages must rest on actual damage, as distinguished from nominal damages. In other words, actual damage must be found or shown, to sustain an award of exemplary damages. 15 Amer.Jur. 706, paragraph 270. In Texas Electric Service Co. v. Linebery, Tex.Civ.App., 333 S.W.2d 596, we held that it was error to submit jury question concerning exemplary damages where the evidence was insufficient to support a finding of actual damages, and

cited as authority Wilson v. Texas Co., Tex. Civ.App., 237 S.W.2d 649. Therefore, we think that Points 6, 7 and 8, with reference to punitive damages, must also be sustained on the basis of the authorities set forth above, to the effect that punitive or exemplary damages can only rest on and must depend upon actual damages.

Appellant's ninth point complains of the court's action in entering judgment for recovery of title and possession of this half-section in appellee. We do not find sufficient merit in this point, as it appears to us that appellee made substantial compliance with Rule 783, Texas Rules of Civil Procedure, and the court itself was careful to except the north-south right of way from its finding. This point is therefore overruled.

For the errors set forth above, the decision of the trial court is reversed and the case hereby remanded for new trial.