**Robert F. CHERRY, Appellant,**

v.

**Pauline H. TURNER, Appellee.**

**No. 12626.**

Court of Civil Appeals of Texas, Austin.

Jan. 11, 1978.

Rehearing Denied Feb. 1, 1978.

Roy Q. Minton, Minton, Burton & Fitzgerald, Inc., Austin, for appellant.

Robert R. Bradshaw, Coffee, Goldston & Bradshaw, Austin, for appellee.

O'QUINN, Justice.

Pauline H. Turner, the appellee, brought this action in October of 1975 in county court at law against Robert F. Cherry seeking damages for breach of a contract the parties made in connection with sale to appellee of a residence Cherry owned in Austin.

The contract of sale provided that "lighting and plumbing fixtures" were included in sale of the realty, and, in addition, Cherry warranted that all appliances would be in good working order at the time of closing. The basis for appellee's suit was that when she took possession of the residence, the dishwasher was in disrepair and two chandeliers had been removed from the house.

Appellee as plaintiff below pleaded (1) breach of warranty for defective dishwasher, (2) an action under the Texas Deceptive

Trade Practices Act for treble damages plus attorney's fees, and (3) malicious conversion of the chandeliers with claim of actual and exemplary damages.

Trial was before the court without a jury. At the trial it was shown that, prior to vacating the premises, Cherry had allowed appellee to store her furniture in a room in the house. Cherry contended that he had an agreement for storage for a charge, and in his pleadings Cherry named as cross-defendant William H. Bailey, who had made the arrangements for storage.

Cherry testified that he had removed the chandeliers "as security" for the debt under the storage contract. Cherry stated that the chandeliers were worth about five hundred dollars. In the course of trial, plaintiff below moved for production of the chandeliers, whereupon Cherry tendered both light fixtures to plaintiff in open court.

The trial court found there was no contract for storage since Cherry voluntarily permitted the furniture to be stored in the residence. The court further found that upon tender of the chandeliers by Cherry, appellee elected to retain the chandeliers, valued at $500, in specie rather than recover damages. Judgment of the court awarded actual damages of $250 for the defective dishwasher "together with, as exemplary damages, the sum of . . . $3,875," which included a portion of appellee's attorney's fees in the amount of $2,375.

Cherry has appealed and brings four points of error. Under the first three points appellant claims error because of the award of exemplary damages as not supported by the evidence and because no actual damages were awarded on the count for malicious conversion of the chandeliers. The fourth point challenges the award as excessive. Decision in this appeal turns principally upon the question of exemplary damages awarded in the action on conversion of the chandeliers.

The trial court made no award of actual damages for conversion of the chandeliers. In fact, as already observed, the court expressly found that appellee had accepted return of the chandeliers "in specie rather than recover damages for same." For almost a century the rule in this state has been that exemplary damages may not be awarded unless actual loss or injury has been sustained. The Supreme Court in 1894 stated, in response to certified question, that:

> "It has been repeatedly held by this court that, where no actual damage is shown, there can be no recovery for exemplary damages. *Flanagan v. Womack,* 54 Tex. 45; *Trawick v. Martin-Brown Co.,* 79 Tex. 460, 14 S.W. 564; *Jones v. Matthews,* 75 Tex. 1, 12 S.W. 823. Without entering upon any discussion of the question, either upon principle or authority, we deem it sufficient to say that we regard the rule laid down by this court as safe and salutary, and that we are not disposed to disturb it." *Girard v. Moore,* 86 Tex. 675, 26 S.W. 945, 946 (1894).

An explicit restatement of the rule was made by the Supreme Court in 1934 in this language:

> "The rule in Texas is that exemplary damages cannot be recovered unless the plaintiff is shown to have sustained actual loss or injury. There can be *no recovery of exemplary damages in the absence of a recovery of actual damages.* A verdict of *nominal* actual damages is not sufficient." (Emphasis added) *Fort Worth Elevators Co. v. Russell,* 123 Tex. 128, 70 S.W.2d 397, 409 (1934).

Relying on the holding in *Fort Worth Elevators,* this Court in 1947 held that under settled law in Texas, "exemplary damages are not authorized in the absence of the *recovery of actual damages,*" and that "The recovery of exemplary damages is not allowed as a matter of right or as compensation but only as an incident to and enhancement of actual damages." (Emphasis added) *Hughes v. Belman,* 200 S.W.2d 431, 434 (Tex.Civ.App. Austin 1947, writ ref'd n. r. e.).

The rule as stated by the Supreme Court in *Fort Worth Elevators* does not authorize award of exemplary damages even though

the record contains evidence that actual damages are recoverable, but not awarded. We are aware of holdings in several cases which appear to imply such deviation from the basic rule. See *Texas Electric Service Co. v. Linebery*, 333 S.W.2d 596, 599 (Tex. Civ.App. El Paso 1960, no writ); *Pan American Petroleum Corp. v. Mitchell*, 338 S.W.2d 740, 742 (Tex.Civ.App. El Paso 1960, no writ); *Mabry v. Abbott*, 471 S.W.2d 442, 446 (Tex.Civ.App. Waco 1971, writ ref'd n. r. e.). These cases were noticed but not followed in *Prudential Corporation v. Bazaman, post,* in which the court expressly applied the rule as stated in *Fort Worth Elevators.*

■ We adhere to the rule as clearly stated in *Fort Worth Elevators*, and followed by this Court in *Hughes v. Belman, supra*, that recovery of exemplary damages must be refused in the absence of *recovery* of actual damages. In accord are *Hoffman v. French, Ltd.*, 394 S.W.2d 259, 262 (Tex. Civ.App. Corpus Christi 1965, writ ref'd n. r. e.); *Prudential Corporation v. Bazaman*, 512 S.W.2d 85, 95 (Tex.Civ.App.Corpus Christi 1974, no writ).

■ We hold that plaintiff below, having accepted the chandeliers in specie and being awarded no actual damages for alleged conversion of the chandeliers, is therefore not entitled to recover exemplary damages, and that the award by the trial court of exemplary damages was error.

By disposing of the issue of exemplary damages under appellant's first three points of error, we do not reach the fourth point claiming excessive award of damages. Appellee has moved to dismiss the appeal because certain exhibits withdrawn by appellant from the record were not returned. The motion is without merit and is overruled.

That portion of the judgment of the trial court by which appellee was awarded exemplary damages is reversed, and judgment is rendered that appellee recover no exemplary damages. The judgment below in all other things is affirmed.