**Larry G. LUCE, Appellant,**

v.

**Frank D. SINGDAHLSEN, et ux., Armenta M. Singdahlsen, Appellee.**

**No. 2–81–055–CV.**

Court of Appeals of Texas,
Fort Worth.

July 8, 1982.

Rehearing Denied Aug. 12, 1982.

Kelsey, Wood & Gregory and Richard H. Kelsey, Denton, for appellants.

Royce Coleman, Denton, for appellees.

Before MASSEY, C. J., and SPINLOCK and JORDAN, JJ.

## OPINION

MASSEY, Chief Justice.

Larry G. Luce, one of the defendants below, has appealed judgment rendered in favor of plaintiff Frank D. Singdahlsen and his wife, hereinafter referred to in the opinion in the singular, or merely as Singdahlsen.

In the trial court there were additional defendants to the Singdahlsen suit, namely Jewel Franklin Gay and his wife. Singdahlsen recovered judgment as against them as well as against Luce, declaring that they had no interest of any kind in certain realty. The judgment declared title to this property to be fully invested in Singdahlsen. By the deed records the property was never conveyed to Singdahlsen. The legal title to the property was in Gay until Gay's conveyance to Luce on October 24, 1977 was recorded the day following. Operative effect of the judgment was to divest out of Luce the purported legal title of record from day Luce's deed was recorded.

The Gays are hereinafter referred to in the singular, or merely as Gay. Gay did not appeal; only Luce has appealed, and his appeal is one which complains solely of the relief granted Singdahlsen.

A provision of the judgment was that "All other relief requested from or against any of the parties herein is specifically denied." What was denied was Luce's cross-action against Singdahlsen to quiet title, and, conditioned upon any eventual finding against Luce in divestiture of title in favor of Singdahlsen, Luce's cross-action against Gay for damages or, in the alternative, full recision and restitution of contract evidenced by the deed of October 24, 1977.

Luce's appeal makes complaint of the investiture in Singdahlsen of the full title to that Luce purportedly received from Gay, and because of Singdahlsen's award of punitive damages against him. (There was no finding of actual damages in the jury's verdict and no award of such by the court's judgment.)

■ We affirm that part of the judgment which invests Singdahlsen with full title upon the theory that primary right to title was his, and that Luce never received valid title. The jury findings, supported by evidence, established that by Singdahlsen's prior contract with Gay he was invested with a complete equitable title and that such prior contract was fully consummated by Singdahlsen's required performance, plus proof of the fact of his entry into possession and that he had made valuable improvements.

We reverse and render the judgment in favor of Singdahlsen against Luce for damages because, as plead and proved, Luce's conduct was not action which created any right of Singdahlsen to maintain suit against him as an independent tort feasor, or, in any event, one for damages other than as incident to use or damages to the property itself after Luce had entered into possession. The jury refused to find for Singdahlsen that there had been a conspiracy between Luce and Gay. Had the jury found such Singdahlsen might have benefited for he would in that event have been able to claim damages under the theory of conspirators' agency, each for the other.

As result of legal inability of Singdahlsen to establish any tort liability against Luce as an independent actor (there being no Luce liability by application of legal principles) any evidence attempted to be treated as proving an amount of damages occasioned through a tort by Luce would lack substance. In other words there was not and could not be support for any jury finding against Luce on actual damages (of which there was no finding) and of course *no evidence* in support of the jury finding of exemplary damages.

We abbreviate the factual background. The case was one where Luce obtained a deed to the property from Gay, with knowledge that the record title shown in Gay was imperfect in that Singdahlsen claimed ownership and held possession. Luce concluded that it would be wise to acquire the deed because by the deed records Gay held legal title to the property and because the house located thereon was vacant at the time (though there was some personal property of Singdahlsen in the house). Luce realized that the title he bought from Gay was clouded by the Singdahlsen claim. Because it was clouded he was able to get a deed for a price he deemed advantageous. Luce promptly placed his deed of record so that on the face of the official records he held the legal title. He then entered and began to possess the premises and to hold adversely. As applied to Singdahlsen, a period of limitations was begun in favor of Luce. Absent any action timely taken in denial of right to title and possession Luce would in due course of time have been entitled to defeat any claim to the property. Because he was in possession and because record title was in him by title records, the burden was cast upon Singdahlsen to bear the burden to establish a better title in a suit filed for that purpose.

Singdahlsen did file such a lawsuit, though its premise was not cast in trespass to try title. Neither did the suit qualify as one for Luce's tortious interference with the Singdahlsen contract with Gay. In his brief Singdahlsen contends his suit was one of that character, but from the pleadings he has at all times asserted that his contract with Gay was complete, not executory, and that was so prior to the time of the Luce transaction with Gay. It was because such a theory, and upon proof in support, that Singdahlsen prevailed by his title action.

■ It is because Singdahlsen sought and recovered judgment for damages of an unusual character, (in addition to declaration that he held the superior title) that his cause of action is necessary to be defined. We have concluded that his case was one by which he, as a person claiming adversely to

the Luce deed, filed his suit to set that deed aside as the primary relief to which he was entitled; and, with such accomplished, to additionally have the court—*as continuing in the exercise of the equity jurisdiction thus invoked*—to do complete justice by grant of damages. *Morris v. Ratliff*, 291 S.W.2d 418, 421 (Tex.Civ.App.—Dallas 1956, writ ref. n. r. e.); Tex. Digest, "Cancellation of Instruments", sec. 56 "(Proceedings and Relief)—Cancellation, surrender, or reconveyance".

With Singdahlsen's case thus defined it is not to be doubted that the trial court, in proceeding to do full justice between Singdahlsen and Luce (as could have been done between Singdahlsen and Gay had he sought proper damages from Gay), could have granted Singdahlsen—had he asked for that additional relief—damages in the amount of the value of Luce's use while he was in possession and, if there was any, for diminishment in its value because of any injury Luce had caused or allowed during that period.

However, these would be the only damages proper to be allowed. These damages would have been proper had the case qualified as one where Singdahlsen had brought suit in Trespass to Try Title. V.A.T.S. art. 7389, "(Trespass to Try Title)—Damages"; 56 Tex.Jur.2d 155, "Trespass to Try Title", sec. 50, "(Damages)—In general". There would be no reason to apply a different rule in this case from that applicable to a trespass to try title case.

■ The same rule would obtain had the case been of any other type, excepting one encompassing a cause of action for slander of title. This is not a case for slander of title; and even if it qualified as one in which there was a slanderous statement it would not be actionable where made by a defendant in Luce's position, in *bona fide* assertion of his own real or supposed right to the property. 36 Tex.Jur.2d, p. 573, "Libel and Slander", sec. 231, "Malice"; 17 R.C.L., p. 457, "Libel and Slander", sec. 219, "By and against Whom Action Maintainable". Except where coupled with action for slander a suit to quiet title will not support a recovery of damages, and then only for

special as distinguished from general damages. *Reaugh v. McCollum Exploration Co.*, 139 Tex. 485, 163 S.W.2d 620 (1942) affirming 146 S.W.2d 1109. See also 21 Tex.L.Rev. 448, "Oil and Gas—Measure of Damages—Frustration of Sale by Tortious Clouding of Title." See also Restatement of the Law of Torts, sec. 624, "(Disparagement of Property in Land, etc.)—General Rule", relative to the measure of damages being the loss occasioned by impairment of vendability.

The character of damages sought by Singdahlsen from Luce was unrelated to special damages. He did not even seek such. He sought punitive damages from Luce (and not from Gay) for purchasing, or purporting to purchase, the legal title, and/or for inducing Gay to deliver a deed to him.

Even had it been actual damages which Singdahlsen sought they could not have been recovered against anyone purchasing or attempting to purchase as a *bona fide* attempt to acquire title. If fraud in purchasing might be attributed to Luce it could only be complained of by Gay, not Singdahlsen, for Luce's contract was with Gay. It is not to be doubted that Luce, in the exercise of his right and freedom to contract—so long as the transaction was neither illegal nor contrary to public policy—could purchase whatever title right Gay possessed. The only qualification of this statement would be as applied to a different kind of case, one where the plaintiff had alleged and proved that a purchaser had acquired what the purchaser fully realized was of no value to him, for the purpose of injuring the plaintiff. In such a situation the law could treat the cause of action, by construction, as one for damages for slander of title.

For years without count there have been traders in real estate who have made it a business to "buy up" titles known to be flawed or subject to attack. For this reason that purchased is usually available at a discount price. For such a purchaser the only peril is that he might lose the property purchased to one having a better right. Whether those engaging in the practice are

wise or foolish as applied to any particular transaction they do not thereby suffer exposure to liability for damages to a third person who might file suit to establish that his is the better right. This is because there is no legal duty to such a person to refrain from making the purchase or because he receives some character of title right. When such a purchase is made there is no breach of duty owed the third person. Without breach of duty to a person claiming to have been injured there is no exposure to liability to pay damages for tort— aside from damages connected with the property itself as for rents, etc., clearly distinguishable in their character.

Though not necessary to the holding that Luce is not liable to Singdahlsen for the damages he seeks to have us "assume" as a predicate to his entitlement to exemplary damages—and which by his theory supports the special issue in answer to which the jury found exemplary damages— it is to be observed that by his own choice no inquiry was made of the jury as to amount of actual damages. There is nothing in the record by which actual damages could be held to have been established as a matter of law. If material at all the amount of actual damages would have been a question of fact for the jury. Findings of actual damages and their amount are a necessary predicate for any finding of exemplary damages. *Upham Gas Co. v. Smith*, 247 S.W.2d 133 (Tex.Civ.App.—Fort Worth 1952, no writ).

All points of error have been severally considered and are overruled save for those by which judgment for damages is reversed.

The judgment is in part affirmed and in part reversed and rendered. Judgment investing Singdahlsen with full title to the subject property is affirmed. Judgment awarding Singdahlsen damages against Luce is reversed, with judgment here rendered that Frank D. Singdahlsen and his wife, Armenta M. Singdahlsen, take nothing by way of damages against Larry G. Luce.

Costs of appeal are adjudged payable by both parties in the amount of 50% as applied to each.