SAM BRADLEY REALTY COMPANY and Doris Williford, Appellants,

v.

William D. McNAIR and Wife, Doris Ann McNair, Appellees.

No. 1932.

Court of Appeals of Texas, Corpus Christi.

Nov. 18, 1982.

Richard J. Hatch, Mahoney, Shaffer, Hatch & Layton, Corpus Christi, for appellants.

John C. Holmgreen, Jr., Gary, Thomasson, Hall & Marks, Corpus Christi, for appellees.

Before NYE, C.J., and YOUNG and GONZALEZ, JJ.

## OPINION

YOUNG, Justice.

This is an appeal from a judgment that plaintiffs-appellants, Sam Bradley Realty Corporation and Doris Williford, take nothing by their suit to recover a real estate broker's commission and that defendants-appellees, William and Doris McNair, by their cross-action against plaintiffs recover under the Deceptive Trade Practices Act actual and exemplary damages in the total sum of $182,500.00.

William and Doris McNair, desiring to sell their house, entered into a listing agreement with Alfred Edge Realty Company. Under this agreement Alfred Edge Realty Company represented that it was a member of the Corpus Christi Board of Realtors Multiple Listing Service and that it would file the listing with that service. The owners agreed that if the property were listed in the multiple listing service that all members of the service and other brokers may cooperate with Alfred Edge in procuring and attempting to procure a buyer for the property. As soon as the house appeared on the listing sheet Doris Williford, sales agent for MLS member, Sam Bradley Realty Corporation, notified Shirley Minton, sales agent for Alfred Edge, that she had a couple who were interested in buying the house. That couple was Bill and Glenda Gregorcyk. Negotiations to sell the house began.

In late May, 1980, the Gregorcyks made a formal offer to buy the house. The offer was made by delivering to the McNairs an earnest money contract form signed by them and on which they had set out the terms under which they were willing to buy the house. This first offer was rejected. A second form was then prepared, signed by the Gregorcyks, and presented to the

McNairs. The McNairs marked through certain provisions on the form, wrote in new terms, initialed the changes, signed the form and returned it to the Gregorcyks for their approval of the changes. The second form, as modified, was presented to Mrs. Gregorcyk, who initialized the changes. Mr. Gregorcyk, at the time, was out of town and was not able to see the second form until his return. When he did see the form, he declined to initial the changes and directed Sam Bradley to execute a third form with different terms which he thought would be satisfactory to the McNairs. The McNairs rejected this third offer and then sold the house to a third party. Bradley, taking the position that the second form was a completed contract, filed suit claiming its commission provided for in paragraph 8 of the form. That paragraph provided:

> "8. BROKER'S FEE: ALFRED EDGE COMPANY Listing Broker (3%) and SAM BRADLEY REALTY CORP. 1½%, DORIS WILLIFORD 1½ Co-Broker (3%), as Real Estate Broker (the Broker) has negotiated this sale and Seller agrees to pay Broker in NUECES County, Texas, on consummation of this sale or on Seller's default (unless otherwise provided herein) a total cash fee of 6% of the total Sales Price, which Escrow Agent may pay from the sale proceeds."

In that regard, appellants in their eighth point of error contend that the trial court erred in failing to render judgment in favor of the plaintiff-realtor for its commission. As a basis for its claim for commission appellant-Bradley urges that the McNairs and the Gregorcyk's executed a valid binding contract of sale for the house in question.

■ In its charge to the jury, the trial court submitted Special Issue No. 26 which inquires whether the McNairs and the Gregorcyks failed to form a contract for sale. As part of that special issue the trial court submitted elaborate, but correct, instructions about the law of offers and counter offers. The jury answered: "They failed to form a contract." The evidence we have set out above makes it clear that the jury was entitled to believe that the parties never finally made an agreement, considering all the different terms and conditions the parties were urging. Appellants' eighth point is overruled.

In their first seven points, the appellants complain that the trial court erred in granting the appellees judgment for actual and exemplary damages and attorneys fees. We agree as we will demonstrate.

When Sam Bradley Realty Corporation filed its suit it also filed a lis pendens notice. The McNairs contend in their cross action that the suit was groundless, that Sam Bradley knew it was groundless, and that it filed the lis pendens notice to make it difficult for the McNairs to sell their property. This conduct by Bradley, they contend, constituted an unconscionable action or course of action which entitled them to relief under Section 17.50 of the Deceptive Trade Practices-Consumer Protection Act codified as Tex.Bus. & Comm.Code Ann. (Vernon Supp.1982).

Section 17.50 provides: "(a) A consumer may maintain an action where any of the following constitute a producing cause of actual damages: ... (3) any unconscionable action or course of action by any person ...." We also note that Section 17.45 provides: "(4) 'Consumer' means an individual, partnership, corporation, or governmental entity who seeks or acquires by purchase or lease, any goods or services."

■ One element of the McNairs' cause of action was that they were consumers under the DTPA. An essential fact that the McNairs had to prove in order to establish this element was that their complaint that they had suffered a loss was related to (or a producing cause of) brokerage services provided by Bradley that they had purchased or were seeking to purchase. *Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535 (Tex.1981). The evidence conclusively shows that Bradley's objectionable conduct occurred after the realtor (Bradley) had ceased to perform service for the

**536**

McNairs. There is no suggestion in the record that there was any relation of cause and effect between the occurrence of that conduct and the purchase or seeking to purchase by the McNairs of any services to be performed by Bradley or anyone else. We hold, therefore, that there is no evidence in the record to show that the McNairs are consumers.

■ There is another more overriding reason why the judgment in favor of the appellees on their cross-claims cannot be upheld by us. That reason is that the appellees offered no evidence of the assessment of the actual damages suffered even though the jury found the actual damages to be $90,000.00. Actually, the evidence shows that the McNairs sold their house to a third party and realized a gain of more than they would have realized had they sold it to the Gregorcyks for the price offered. In fact, appellees admitted in their appellate brief that the jury's finding of $90,-000.00 is not supported by the evidence.

It is elementary that exemplary damages (here $90,000.00) or attorney's fees cannot be recovered unless the claimant is shown to have sustained actual damages. 17 Tex. Jur.2d Damages § 177 (1960). So, without evidence of actual damages, the appellees are entitled to recover nothing.

Accordingly, that part of the judgment of the trial court that awards actual and exemplary damages and attorneys fees to the appellees is reversed and judgment is here rendered that the appellees take nothing by their cross-action. The judgment of the trial court that the appellants take nothing by their suit is affirmed. One-half the costs of this appeal are taxed against the appellants and one-half against the appellees.

Reversed in part and affirmed in part.