**Juan JUAREZ, Appellant,**

v.

**The BANK OF AUSTIN, et al., Appellees.**

No. 13617.

Court of Appeals of Texas, Austin.

Sept. 21, 1983.

Rehearing Denied Nov. 2, 1983.

Rodney Nelson, Legal Aid Soc. of Central Texas, Austin, for appellant.

James B. Ewbank, II, Clark, Thomas, Winters & Shapiro, Austin, for Gulf Atlantic Life Ins. Co.

Adrian M. Overstreet, Jr., and Jamie V. Murphy, Kammerman, Yeakel & Overstreet, Austin, for The Bank of Austin.

Before SHANNON, SMITH and BRADY, JJ.

BRADY, Justice.

This is an appeal from an order of the 200th Judicial District Court granting summary judgments in favor of the Bank of Austin and the Gulf Atlantic Life Insurance Company in a suit alleging violations of Tex.Bus. & Com.Code Ann. § 17.46 (DTPA) for treble damages, the disclosure statutes under Tex.Rev.Civ.Stat.Ann. art. 5069–4.-02(3), and Chapter 14 of the Consumer Credit Code.

Appellant and the bank entered into two installment loan agreements. In both loan transactions, the appellant purchased through the bank acting allegedly as agent for Gulf Atlantic credit insurance to cover each monthly payment on both loans totalling $504.64 in event of appellant's disability. Thereafter, appellant became disabled, and he claimed disability payments from the insurance company under each policy.

Upon receipt of appellant's claim, the insurance company paid appellant the total sum of $3,123.53. Such payment was $3,097.30 less than the $6,220.83 sum which would have discharged appellant's entire indebtedness to the bank. After appellant filed the instant law suit, the insurance company tendered to appellant the additional sum of $3,097.30, as well as twelve percent penalty and attorney's fees, and paid such sums into the registry of the court.

Viewing the trial petition most favorably to appellant, *Smith v. Ortman McCain Co.*, 537 S.W.2d 515 (Tex.Civ.App.1976, writ ref'd n.r.e.) this Court understands the petition to allege that the insurance company, in wrongfully failing to pay the full benefits under both insurance policies, violated Tex.Bus. & Com.Code Ann. § 17.46 and Tex.Insur.Code § 21.21 § 4. Appellant alleged further that the bank, as agent for the insurance company, violated Tex.Bus. & Com.Code § 17.46 and Tex.Insur.Code § 21.21 § 4 by making "false, misleading, or deceptive" representations with respect to the benefits available to appellant from the insurance policies. Such representations were that the benefits available to appellant upon disability would be sufficient to discharge his outstanding indebtedness to the bank, whereas the insurance policies by their terms limited the policy benefits to a sum of about one-half of appellant's indebtedness to the bank.

Both the insurance company and the bank filed motions for summary judgment. As ground for summary judgment, the insurance company claimed that by tendering the full sum due under the insurance policies, plus penalty and attorney's fees, it

discharged its reponsibility to appellant under Tex.Bus. & Com.Code § 17.46 and Tex. Insur.Code § 21.21 § 4. As ground for summary judgment with respect to appellant's claim under § 17.46 and § 21.21 § 4, the bank claimed that the insurance company's tender of full payment under the policies together with penalty and attorney's fees, likewise, discharged its liability to appellant.

The trial court rendered summary judgment for appellees ordering that appellant take nothing by his suit, subject only to his right to receive the sums paid into the registry of the court by the insurance company.

Appellant claims by his first point of error that the trial court erred in the denial of his claim for treble damages because there were genuine issues of material fact concerning misrepresentations as to the terms and amounts payable under these insurance policies.

■ The affirmance of a summary judgment for a defendant depends upon whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. If the defendant's summary judgment "evidence" does not establish as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's case, then the plaintiff does not have the burden, to avoid summary judgment, of going forward with summary judgment proof of like quality. *Gibbs v. General Motors Corporation,* 450 S.W.2d 827 (Tex.1970).

The insurance company argues that appellant sustained no damages because of its breach of its duty to pay the full amount of the benefits under the policy. The insurer's argument is as follows: When appellant became disabled, the insurance company was obligated to pay the full disability benefits under the policies. The insurance company, however, breached its contractual obligation to pay the full disability benefits and, instead, paid only about one-half of the benefits. The insurer's breach of its obliga-

tion did not extinguish its obligation to pay the full amount of the benefits nor did it extinguish any of appellant's rights to be paid the full amount. Appellant did not sustain any damage because of the insurer's breach because he still possessed the same contractual rights under the policies, after the breach, as he had before and those rights were enforceable. The insurer's breach empowered appellant to file suit to enforce his contractual rights and to recover penalty, interest, and attorney's fees. *Connecticut General Life Ins. Co. v. Stice,* 640 S.W.2d 955 (Tex.App.1982, writ ref'd n.r.e.); *Lone Star Life Ins. Co. v. Griffin,* 574 S.W.2d 576 (Tex.Civ.App.1978, writ ref'd n.r.e.).

This Court does not take issue with the insurance company's authorities nor its argument with respect to appellant's cause of action for wrongful denial of policy benefits. We recognize, for example, the insurance company's assertion that there is no cause of action under § 17.46 against an insurance company for its mistaken denial of liability under its policy. Nevertheless, neither the insurance company's nor the bank's motion for summary judgment nor the summary judgment proof addressed appellant's cause of action asserted against the bank individually, and as agent for the insurance company, under § 17.46 for allegedly misrepresenting the amount of disability benefits available to appellant under the policies.

■ To obtain a summary judgment as to that cause of action the bank had the burden to show by competent summary judgment proof that no issue of fact existed as to one or more of the elements of appellant's cause of action. The insurance company had the burden to show likewise by summary judgment "evidence" or the burden to show that the bank was not acting for it in the transaction wherein the alleged misrepresentation occurred. *Gibbs v. General Motors Corporation, supra.* Appellant's cause of action for misrepresentation under § 17.46, against the bank individually and as agent for the insurance company, stands unchallenged by allegations in the

summary judgments or by summary judgment proof, yet the district court rendered judgment that appellant take nothing. For this reason the judgment must be reversed.

■ The appellee bank argues further that it is not liable for treble damages under DTPA because appellant was not a "consumer," i.e., one who is a purchaser of "goods" or "services," and that the mere extension of credit by the bank does not entitle appellant here to relief under DTPA, *Riverside National Bank v. Lewis,* 603 S.W.2d 169 (Tex.1980). In *Riverside,* the sole complaint about the transaction was the bank's failure to make Lewis the loan. The evidence established the fact that Lewis approached the Riverside Bank with the sole objective of acquiring a loan. The argument that the bank provided other "services," as defined by the DTPA, which would make him a "consumer" under the act was rejected by the Supreme Court. *Riverside* does not support the bank's theory in the case at bar. Appellant sought not only two installment loans but specifically requested and was provided other "services" including the credit insurance which is the subject of this appeal. The answers of the bank to appellant's interrogatories admit that the policies in question were issued by the bank through Jack Wade, Vice President. They further describe the coverage, dates of payment of premium, manner of payment of premium and that the premiums were deducted from appellant's loan proceeds. Interrogatories and answers by the appellees indicated that the claims for the benefits were received from appellant by the bank. Medical reports from various physicians were received by the bank, and the claim and medical reports were forwarded by the bank to the carrier. Clearly, the bank provided "services," and thus the appellant was a "consumer" under DTPA. *Cf. Fortner v. Fannin Bank in Windham,* 634 S.W.2d 74 (Tex.App.1982, no writ), holding that plaintiff was a "consumer" and that defendant bank provided "services" as part of a loan agreement. In *Fortner* the court held that one consideration, the interest charged on the note, could support multiple promises, making the loan and filing title papers. In the case at bar there are two considerations, interest on the note and insurance premiums, to support two promises, making the loan and providing disability insurance coverage.

■ Appellant's second point of error which concerns the action of the trial court in granting the summary judgment for the bank, because the contract failed to clearly and conspicuously disclose that physical damage insurance was required, is overruled. The collateral insurance provision of the contract provides:

On a loan having a cash advance of $300.00 or more, insurance on the collateral is required and BORROWER agrees to furnish the following insurance on collateral: (Insurance may be obtained by BORROWER through any person of BORROWER'S choice.) $100.00 deductible comprehensive and collision Standard Liability (the underlined portion was typed in blank spaces).

This disclosure appears just below the complete statement of the loan transaction and just below the appellant's signature on the portion of the contract authorizing the purchase of credit liability insurance. Although only the word BORROWER is in bold type, with the balance of the disclosure in type the same size as the other provisions of the contract, the blank spaces completed by the bank personnel with their typewriter describing the type of coverages is in larger type and we feel does clearly and conspicuously disclose the requirement of physical damage insurance to appellant. *Ford Motor Credit Company v. Gamez,* 617 S.W.2d 720 (Tex.Civ.App.1981, writ ref'd n.r.e.). As admitted in appellant's brief, Tex.Bus. & Com.Code § 1.201(10) (1968), the official comment of the Code notes that the test for conspicuousness is whether attention can reasonably be expected to be called to language in a contract. By inserting the larger typewritten portion in this contract, the test is met adequately.

Appellant's third point of error is based entirely on Chapter 14 of the Texas Consumer Credit Code which was repealed by

the Texas Legislature, effective August 27, 1979, without a savings clause. The Texas Supreme Court, in *Knight v. International Harvester Corporation, et al.,* 627 S.W.2d 382 (Tex.1982), held that the repeal of Chapter 14 terminated all rights of persons situated as appellant is here. Justice Pope on page 385 stated:

[w]e cannot do by judicial construction what the legislature has apparently chosen not to do by statutory enactment. Consequently, the Code Construction Act does not apply to the repeal of Chapter 14, and Chapter 14 causes of action not reaching final judgment prior to the repeal are not preserved by the general savings clause of the Construction Act.

The judgment is reversed and the cause is remanded for a trial on those points not determined as a matter of law in this opinion.

Reversed and Remanded.