**LONGVIEW SAVINGS & LOAN ASSOCIATION and Jerry W. Hill, Substitute Trustee, Appellants,**

v.

**Nick NABOURS and Wife, Suzanne Nabours, Appellees.**

**No. 9227.**

Court of Appeals of Texas, Texarkana.

June 12, 1984.

Earl Roberts, Jr., Jerry W. Hill, Longview, for appellants.

Kenneth L. Ross, Longview, for appellees.

CORNELIUS, Chief Justice.

Longview Savings, successor to Metropolitan Savings, appeals from a district court judgment granting Mr. and Mrs. Nick Nabours exemplary damages, attorney's fees, and a permanent injunction prohibiting the foreclosure of a deed of trust lien. The controversy arose when Longview Savings threatened foreclosure of its lien on the Nabourses' home, and they brought suit alleging that Longview Savings was guilty of common law fraud, violation of the Texas Deceptive Trade Practices Act[1] and had waived its right to foreclose. The jury found that Longview Savings had waived its right to foreclose, made false statements in its foreclosure notices, represented that its deed of trust involved rights and obligations it did not have, and acted

with malice. The jury found no actual damages but found $126,200.00 punitive damages. Longview Savings contends *inter alia* that Mr. and Mrs. Nabours' deceptive trade practices cause of action failed because they were not consumers within the meaning of the Act, punitive damages and attorney's fees were not allowable, and there is no evidence or insufficient evidence to support the jury findings of waiver.

Mr. Nabours had previously dealt with Metropolitan Savings when, in 1980, he purchased the Clyburn home on which Metropolitan held a deed of trust lien similar to the one in issue. In connection with that sale Metropolitan's vice-president, Terry Irick, waived the requirement of its deed of trust that it consent to any sale, and assured Nabours it did not escalate or foreclose when sales were made without its consent, even though formal notice to the contrary might be given. Irick said:

> ... We may respond (to notice of purchase without assumption) and we may not .... Even if we do, it would just be a formality, don't worry about it. (Parentheses supplied.)

Alfred Burke owned a house on which Metropolitan held a note and deed of trust which contained a consent requirement as follows:

> "The Grantors further agree that they will not make any voluntary inter vivos transfer of the premises or any part thereof without first obtaining the written consent of the mortgagee. Any such transfer, if the mortgagee shall not so consent, shall constitute a default under the terms of this instrument ...."

Mr. and Mrs. Nabours wanted to buy the Burke house but did not want to assume the mortgage at an increased interest rate, so Burke agreed to finance the sale with a "wrap around" mortgage. On February 23, 1981, Burke's attorney wrote to Metropolitan requesting its consent to the sale. Metropolitan wrote back on March 4, 1981 stating:

> This Association has a long established policy that it will not consent to the

1. Tex.Bus. & Com.Code Ann. art. 17.41, et seq.     (Vernon Supp.1984).

transfer of any property on which it holds a Deed of Trust lien without certain steps being taken by the seller and prospective buyer.

The buyer must make application for assumption of the loan and subject to a satisfactory credit report, execute an Assumption Agreement . . . .

Should the transfer be made without the consent of this Association, we would consider this a default under the terms of the Deed of Trust and would have to act accordingly.

Burke's attorney responded on March 10, 1981, explaining that Mr. and Mrs. Nabours were not assuming the loan but were arranging the financing with the Burkes.

The day before the Burke sale was closed, Mr. Irick telephoned Mr. Nabours and recommended that he not complete the sale, but he did not state that the consent clause would be enforced. Relying on waiver, Nabours proceeded with the purchase. Mr. Burke continued for several months to make the monthly payments on his note with no objection or question from Metropolitan. In August of 1981, however, Metropolitan posted foreclosure notices and filed a notice in the deed records which stated that Nabours had assumed the loan and had defaulted on his payments. Nabours then obtained a temporary injunction restraining Metropolitan from selling the home, and this suit followed.

## EXEMPLARY DAMAGES

■ Longview Savings contends exemplary damages should not have been awarded. Ordinarily, exemplary or punitive damages may not be recovered in the absence of an award of actual damages. *Fort Worth Elevators Co. v. Russell*, 123 Tex. 128, 70 S.W.2d 397 (1934); *Sam Bradley Realty Co. v. McNair*, 644 S.W.2d 533 (Tex.App.—Corpus Christi 1982, no writ); *Luce v. Singdahlsen*, 636 S.W.2d 571 (Tex. App.—Fort Worth 1982, writ ref'd n.r.e.); *Bell v. Ott*, 606 S.W.2d 942 (Tex.Civ.App.—Waco 1980, writ ref'd n.r.e.); 28 Tex.Jur.3d *Damages* § 188 (1983) and cases cited. Even in cases where equitable relief is granted, some actual loss must be shown before exemplary damages may be awarded. *City Products Corp. v. Berman*, 610 S.W.2d 446 (Tex.1980); *International Bankers Life Ins. Co. v. Holloway*, 368 S.W.2d 567 (Tex.1963); *Adam v. Harris*, 564 S.W.2d 152 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.); *Teas v. Republic Nat'l Bank of Dallas*, 460 S.W.2d 233 (Tex.Civ.App.—Dallas 1970, writ ref'd n.r.e.); 28 Tex.Jur.3d *Damages* § 188 (1983). The amount of actual loss must be established because the amount of exemplary damages must be reasonably proportioned to the actual damages. *Fort Worth Elevators Co. v. Russell*, supra. What appears to be an exception in rescission cases is illusory, because in those cases there is an actual recovery of the consideration paid or of the property delivered, as the case may be. *See, e.g., International Bankers Life Ins. Co. v. Holloway*, supra; *Oliver v. Chapman*, 15 Tex. 400 (1855). As there was no recovery of actual damages, exemplary damages should not have been awarded.

■ Mr. and Mrs. Nabours counter with the argument that, although the jury found there was no actual damage, evidence showed they were harmed in various ways not submitted to the jury, and that satisfies the requirement of showing a loss; or if not, the district court was permitted to find such a loss as an omitted finding allowed by Tex.R.Civ.P. 279. We cannot agree. As stated by our Supreme Court in *Fort Worth Elevators Co. v. Russell*, supra, there can be no recovery of exemplary damages in the absence of a *recovery* of actual damages. A verdict of nominal damages is not sufficient. *See also Cherry v. Turner*, 560 S.W.2d 794 (Tex.Civ.App.—Austin 1978, writ ref'd n.r.e.); *Prudential Corp. v. Bazaman*, 512 S.W.2d 85 (Tex.Civ.App.—Corpus Christi 1974, no writ); *Hoffman v. French, Ltd.*, 394 S.W.2d 259 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd n.r.e.); *Hughes v. Belman*, 200 S.W.2d 431 (Tex.Civ.App.—Austin 1947, writ ref'd n.r.e.). Rule 279 was not applicable to the damage submission here.

It requires the submission of one of a cluster of issues necessarily referable to each other. There was not such a cluster of issues here.

### SUFFICIENCY OF THE EVIDENCE

██ We turn now to the question of whether there was an absence of evidence or insufficient evidence supporting the finding that Metropolitan waived its right to enforce the consent clause. In determining a no evidence point we consider only the evidence and reasonable inferences which can be drawn from it in their most favorable light to support the jury's findings while disregarding all other evidence. *Biggs v. United States Fire Ins. Co.,* 611 S.W.2d 624 (Tex.1981); *East Texas Theatres Inc. v. Rutledge,* 453 S.W.2d 466 (Tex. 1970); *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965). In determining the sufficiency of the evidence, we consider and weigh all of the evidence. *Garza v. Alviar,* supra; *In re Kings Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

██ Waiver may be accomplished by the intentional relinquishment of a known right or by intentional conduct inconsistent with the claiming of a right. *Ford v. Culbertson,* 158 Tex. 124, 308 S.W.2d 855 (1958); *Texas & P. Ry. Co. v. Wood,* 145 Tex. 534, 199 S.W.2d 652 (1947); *Rolison v. Puckett,* 145 Tex. 366, 198 S.W.2d 74 (1946). The jury found that Metropolitan's officer represented to Mr. Nabours in April or May of 1980 that it did not intend to foreclose on homes in the future when sales were made without its written consent; that from April or May, 1980 until August of 1981, Metropolitan had a policy of not foreclosing where sales had been made without its consent; that Metropolitan accepted payments on the home from Mr. Burke after the sale without objection; and those acts constituted a waiver of the right to enforce the consent clause in this instance. The jury also found that Metropolitan caused confusion and misunderstanding concerning whether written consent was required in connection with the Burke-Nabours sale. There is evidence to support these jury findings, and we find it sufficient to support a finding of waiver. Waiver may be implied from acts raising an inference of an intention to relinquish a right, or which mislead another person to his prejudice into the honest belief that such a waiver was intended. *Lewis v. Smith,* 198 S.W.2d 598 (Tex.Civ.App.—Fort Worth 1946, writ dism'd); *Miller v. Deahl,* 239 S.W. 679 (Tex.Civ.App.—Amarillo 1922, writ ref'd); 60 Tex.Jur.2d *Waiver* § 9 (1964).

██ The point is raised that waiver was not established because Metropolitan's right to foreclose had not accrued at the time of the acts constituting waiver. A right must be in existence before it can be waived. The evidence here, however, shows that the acts found by the jury to establish waiver constituted a course of conduct extending over a period of time before, during, and after the sale of the house. Hence, Metropolitan's right was sufficiently in existence to justify a finding of waiver.

Longview Savings would have us hold that waiver was conclusively negated by Metropolitan's letter to Mr. Nabours and the phone call recommending that he not proceed with the sale. While these facts were significant, there was also evidence that Nabours had been told that even if Metropolitan gave notice that it would enforce its rights, the notice would only be a formality and he should not be concerned. It was for the jury to interpret and weigh the evidence and to resolve any conflicts.

### DECEPTIVE TRADE PRACTICES ACT

██ The judgment cannot be sustained on the basis of Deceptive Trade Practices Act violations because Mr. and Mrs. Nabours were not consumers within the meaning of the Act. To maintain a private cause of action under the DTPA, the plaintiff must be a consumer. *Flenniken v. Longview Bank and Trust Co.,* 661 S.W.2d 705 (Tex.1983); *Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535 (Tex.1981); *Riverside Nat'l Bank v. Lewis,* 603 S.W.2d 169 (Tex.1980). The Act in

Section 17.45(4) defines consumer as an individual who seeks or acquires by purchase or lease any goods or services. To come within the definition the plaintiff must have sought or acquired goods or services by purchase or lease, and the goods or services sought or acquired must form the basis of the complaint. *Cameron v. Terrell & Garrett, Inc.*, supra; *Riverside Nat'l Bank v. Lewis*, supra. Nabours paid no consideration to Metropolitan, and only sought its consent to the purchase of the Burke home. A gratuitous act is not a purchased service within the meaning of the Act. *Fortner v. Fannin Bank in Windom*, 634 S.W.2d 74 (Tex.App.—Austin 1982, no writ). *See also Riverside Nat'l Bank v. Lewis*, supra; *Juarez v. Bank of Austin*, 659 S.W.2d 139 (Tex.App.—Austin 1983, no writ).

## CONSENT CLAUSE

Mr. Nabours argues that the consent clause in his deed of trust is a due on sale clause and is void as an unreasonable restraint on alienation. It is not necessary for us to decide that issue. The district court's grant of a permanent injunction may be sustained by the jury findings of waiver. Moreover, the issue of invalidity of the clause was not raised at the trial on the merits by pleadings, evidence or special issue submission.[2] Nor was there a plea of *res judicata* or *law of the case. See* 6 Tex.Jur.3d *Appellate Review* § 908 (1980).

## ATTORNEY'S FEES

As the cause of action here does not come within Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp.1984), allowing recovery of attorney's fees in certain cases, and the cause of action under the DTPA was not sustained, attorney's fees were not allowable. Tex.Rev.Civ.Stat.Ann. art. 2226; *English v. Fischer*, 649 S.W.2d 83 (Tex.App.—Corpus Christi 1982), *rev'd on other grounds*, 660 S.W.2d 521 (Tex.1983); *Co-*

*nann Contractors, Inc. v. Muller*, 618 S.W.2d 564 (Tex.Civ.App.—Austin 1981, writ ref'd n.r.e.); *Freedom Homes of Texas, Inc. v. Dickinson*, 598 S.W.2d 714 (Tex. Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.).

For the reasons stated we reform the judgment of the district court to delete the recovery of exemplary damages and attorney's fees. As reformed, the judgment granting the permanent injunction is affirmed.

BLEIL, Justice, dissenting.

I agree that punitive damages and attorney's fees are not recoverable. But, the permanent injunction is also improper.

The Savings Association, as holder of a note and deed of trust, was entitled under the terms of the deed of trust to consent, or not consent, to a transfer of the property securing the debt. In February 1981, Nick Nabours, through his attorney, notified the Association that he and his wife intended to purchase a home from Alfred Burke. The Association's executive vice-president responded by telephone and then in writing that it would not consent to the transfer unless it approved an agreement assuming the existing loan. It also stated that a transfer without its consent would be considered a default. Before the sale closed this was repeated.

The majority indicates that the Nabourses proceeded with the sale because they relied on waiver. The apparent reason they proceeded, as shown by the record, is that their attorney thought that the due on sale clause would not be upheld by the courts.

There is no evidence to uphold a finding of waiver. Alternatively, the evidence is wholly insufficient to support a finding that the Association waived its right to enforce the agreed terms of the deed of trust given it by Burke.

---

**2.** On appeal from the temporary injunction issued in this case, the Tyler Court of Appeals concluded that the clause was an unreasonable restraint on alienation and did not come within the rule of *Sonny Arnold v. Sentry Savings Ass'n*, 633 S.W.2d 811 (Tex.1982), where the validity of a due on sale clause was upheld.

The jury obviously did not like foreclosure under a deed of trust. Most people do not. But our job is not to uphold findings which we find pleasing. The Nabourses and their attorney asked the Association if they could disregard the clear terms of the deed of trust. Our decision upholds a jury finding that the Association's response, "No! No! No!" means "Yes."

We err in approving a judgment enjoining Longview Savings & Loan Association from exercising a lawful right given it by agreement.