Marvin KEITH, Jr., Individually and d/b/a Industries of Texas, and d/b/a Keith Insulators, Appellant,

v.

Paul R. WOODUL, Appellee.

No. 8868.

Court of Civil Appeals of Texas, Texarkana.

April 28, 1981.

Donald J. Driscoll, McDonald & Driscoll, Dallas, for appellant.

Thomas C. Railsback, Robertson & Wilkinson, Dallas, for appellee.

WILLIAM J. CORNELIUS, Chief Justice.

Paul Woodul brought suit against Marvin Keith, Jr., Individually and d/b/a Industries of Texas, and d/b/a Keith Insulators to recover damages for breach of an oral agreement by which he was employed by the defendant to sell certain goods and services on a commission basis. He alleged that the defendant owed him $1648.20 in earned commissions. He also sought attorneys fees.

Industries of Texas, Inc. and Keith Insulators Company, Inc., both corporations, filed a plea in bar asserting that they were not before the court since their registered agent for service of process or designated officer had not been served. Subject to their plea in bar they filed a general denial. Keith answered by general denial. Trial was to the court without a jury. The court overruled the corporations' plea in bar and after hearing evidence entered judgment that Woodul "recover from the defendant, Marvin Keith, Jr., individually, and d/b/a Industries of Texas, and d/b/a Keith Insulators" $1,378.95 plus interest and $600.00 attorney's fees. We construe this as being

a judgment only against Keith individually, and not against either of the corporations, Industries of Texas, Inc. or Keith Insulators Company, Inc., since they were not made parties and were not named in the judgment. See *Watson Co. Builders v. Bleeker*, 269 S.W. 147 (Tex.Civ.App.—Dallas 1924, no writ); *National Homes Corporation v. Champion*, 433 S.W.2d 244 (Tex.Civ.App.—Houston [14th Dist.] 1968), *rev'd on other grounds sub nom. Blume v. National Homes Corporation*, 441 S.W.2d 176 (Tex.1969).

In his single point of error Keith contends that the judgment against him is improper because there was no evidence that he incurred any individual liability to Woodul.

In the situation presented by this case, Woodul's judgment against Keith individually can be sustained only if there was some probative evidence tending to establish either of two facts: that Keith personally guaranteed the debt, or that the corporations constituted his alter ego in such a way that their debts became his.

The Statute of Frauds precludes the maintenance of an action to charge any person upon the promise to answer for the debt of another unless the promise be in writing and signed by the person to be charged. Tex.Bus. & Comm.Code Ann. § 26.01(b)(2). Where a promissor accepts primary responsibility for the debt of another, and his leading object is to serve some interest or purpose of his own, his oral promise does not come within the Statute of Frauds and is enforceable. *Haas Drilling Company v. First National Bank in Dallas*, 456 S.W.2d 886 (Tex.1970); *Gulf Liquid Fertilizer Company v. Titus*, 163 Tex. 260, 354 S.W.2d 378 (1962). To come within that exception there must have been consideration for the promise, and the party sought to be charged must have intended to make the debt his own rather than to merely act as a surety. *Gulf Luquid Fertilizer Company v. Titus*, supra; 20 R. Hamilton, Texas Business Organizations § 588 (1973); 14 Tex.Jur.2d Corporations § 366. Assuming that the evidence raised some inference that Keith individually agreed to pay Woodul, the record is devoid of any evidence or inference that there was any consideration for such an agreement.

It is undisputed that Woodul was hired by and worked for Keith Insulators, Inc. and Industries of Texas, Inc., both of which were corporations. Courts are not authorized to disregard the corporate entity and hold individual officers, directors or stockholders liable for corporate obligations except where it appears that the individuals are using the corporate entity as a sham or fraud to avoid personal liability, avoid the effect of a statute, or in a few other exceptional situations. *Drye v. Eagle Rock Ranch, Inc.*, 364 S.W.2d 196 (Tex.1962); *Pace Corporation v. Jackson*, 155 Tex. 179, 284 S.W.2d 340 (1955). The corporate veil may be pierced, with its consequent imposition of personal liability, only in extraordinary circumstances. *Sagebrush Sales, Inc. v. Strauss*, 605 S.W.2d 857 (Tex.1980). Such circumstances may exist where an individual controls and manages the corporation in such a manner that its affairs are indistinguishable from the individual's personal affairs, and it has thus become his alter ego. Such a situation may not be inferred simply because a person is a major stockholder or even the sole stockholder of a corporation. *Commonwealth of Massachusetts v. Davis*, 140 Tex. 398, 168 S.W.2d 216 (1942); *Goetz v. Goetz*, 567 S.W.2d 892 (Tex.Civ.App.—Dallas 1978, no writ). It must be pleaded and proved. *Drye v. Eagle Rock Ranch, Inc.*, supra.

Woodul points only to the following circumstances to support his contention that the court was authorized to penetrate the corporate veil here: Keith was an officer of the corporations; Woodul testified that Keith was the "owner" of the corporations; the commercial cards used by the company's salesmen had the letter K printed in the upper right corner; the check vouchers by which Woodul was paid contained the name "Keith Insulators Company, Inc." printed on them; and the fact that Keith remained an officer in the corporations despite the fact that the corporate name was changed several times. None of these circumstances amounts to evidence that the corporate af-

fairs were indistinguishable from Keith's personal affairs. Furthermore, there was no pleading on Woodul's part that the corporations were his alter ego or that the corporate entities had been used as an instrument of fraud or wrong-doing. In fact, the evidence from Mr. Woodul himself was that Ron Blaine, an employee of the corporation, hired him; that he negotiated with Blaine in attempting to get his pay and later with Blaine's successor, a Mr. Gary Bouslog, who tried to get him to come back to work for the company; and that the management of the company changed during the time he was off work in the hospital. There is no evidence of any deception against Mr. Woodul as to the corporate nature of his employer; in fact, other portions of his testimony indicate that he always considered that he was working for a company. Judgment against Mr. Keith individually for the corporate debt was therefore improper.

The judgment of the trial court is reversed and judgment is here rendered that the plaintiff take nothing.