Jay F. MORITZ, Cheryl L. Van Cleave, Ron Mitchell Levine, Will Cabler, Anita Gonzalez, Jesus Mendoza, Felipe Calzada, Lauro Montalvo, Ronald Bruner, Michael Ludwig, Simon Rubinsky, Rudolfo Casias, Luis Camilli, and Allicia Euresti Holloway, Appellants,

v.

Clifford BUECHE and Mary Bueche, Appellees.

No. 04–98–00350–CV.

Court of Appeals of Texas, San Antonio.

Oct. 7, 1998.

Jerry R. Tucker, Sr., Spring Branch, for Appellant.

Richard J. Karam, Law Offices of Richard J. Karam, San Antonio, for Appellee.

Before HARDBERGER, C.J., and RICKHOFF and STONE, JJ.

## OPINION

HARDBERGER, Chief Justice.

### NATURE OF THE CASE

Appellants, who are fourteen former students of the now-defunct San Antonio School of Law (the "Students"), appeal an order granting summary judgment in favor of appellee, Clifford Bueche ("Bueche").[1] The motion was brought, in part, under rule 166a(i) of the Texas Rules of Civil Procedure. We hold that the Students pointed out evidence in their response that raised a genuine issue of material fact on the elements of their claims challenged in the summary judgment motion. We reverse the trial court's judgment.

### FACTS AND PROCEDURAL HISTORY

In 1993, the Students enrolled in the newly formed San Antonio School of Law, allegedly managed by Ken Bueche and his wife, Joan. Clifford Bueche is Ken Bueche's father. Ac-

cording to their pleadings, the Students were told at enrollment that the school would qualify them to take the Texas Bar Examination and that, within a year, the school would be qualified to award a juris doctor (J.D.) degree. The Students charge that Ken, Joan, and Bueche represented that lawbooks had or would be purchased, that the Bueche family would erect a building to house classrooms, and that professional faculty and a full-time dean would be hired. Initially, the Students raised negligence, gross negligence, estoppel, and breach of contract claims, as well as DTPA and fraud claims. The case was eventually narrowed to the DTPA and fraud causes of action.

In his Second Amended Original Answer, Bueche made a general denial of all claims against him and raised several affirmative defenses: failure of consideration, statute of frauds, and the statute of limitations on punitive damages. Bueche also filed a motion for summary judgment, arguing that the Students failed to establish that Bueche had made any misrepresentations regarding the management or financing of the school. Bueche also argued that the Students had not established their status as consumers under the DTPA. Finally, Bueche asserted that the statute of frauds barred the Students' claims. In support of this motion, Bueche filed an affidavit denying any connection to the school other than a natural interest in his son's business.

The Students filed a joint response. Attached to the response were the affidavits of four of the Students, Jay Moritz, Ronald Bruner, Lauro Montalvo, and Simon Rubinsky. Each affidavit stated that Bueche made representations regarding the financing of the school, the purchasing of books, and/or the management of the school in general.

The trial court granted Bueche's motion for summary judgment, and the Students appeal in one point of error, arguing that genuine issues of material fact remain.

---

1. Although some of the plaintiffs below named Mary Bueche as a defendant, none of those plaintiffs are represented in this appeal. Therefore, the summary judgment granted in her favor is final, and we consider only the order granted in favor of Clifford Bueche.

## STANDARD OF REVIEW

■ We must initially resolve a dispute regarding the proper standard of review to be applied in this appeal. Bueche argues that the summary judgment should be reviewed under the standards governing the new no-evidence summary judgment rule. *See* TEX.R. CIV. P. 166a(i). The Students contend that the relevant portion of Bueche's summary judgment motion was based on the traditional summary judgment rules, and the judgment should be reviewed accordingly. *See* TEX.R. CIV. P. 166a(a), (b).

The motion for summary judgment is divided into several parts. Parts one and two provide a statement of the facts of the case and a description of the evidence provided in support of the motion. Part two concludes with a reference to the standard to be applied in a traditional summary judgment motion, stating: "All of said Summary Judgment evidence shows that there is no genuine issue as to any material fact and Movants are entitled to Summary Judgment as a mattter of law and that Plaintiffs take nothing by their action."

Part three is entitled "Specific Grounds for Summary Judgment." This part addressed only the claims of common law fraud and DTPA violations. In this part, Bueche argued that the Students "failed to establish the necessary elements" of these claims. With regard to the fraud claim, Bueche asserted that the Students failed to offer any evidence that Bueche made a material misrepresentation. With regard to the DTPA claim, Bueche asserted that the Students failed to establish that they were consumers. Finally, Bueche asserted that any purported promise was not in writing and was unenforceable under the statute of frauds.

Part four of the motion for summary judgment is entitled, "Summary Judgment Pursuant to Rule 166a(i)." In this part, Bueche argued that no evidence supported Moritz's claims of *negligence, gross negligence, estoppel, breach of contract, and fraudulent conveyance.* This portion of the motion does not deal with the fraud and DTPA claims.

The Students argue that, because of the bifurcated nature of the summary judgment motion, the motion as to the DTPA and fraud claims could not have been granted under 166a(i) and must be reviewed as a traditional summary judgment. The implication of this argument is that the new Rule 166a(i) must be specified as the basis of summary judgment. There is merit to demanding such specificity since the trial court should be informed as to the nature of the movant's burden when deciding a motion for summary judgment. Bueche confused this issue by reciting the traditional summary judgment standard in one section and including a specific section exclusively referring to Rule 166a(i). However, since Bueche argued that the Students failed to establish a specific element of their fraud and DTPA claims, we believe the motion should be construed as a motion based on the absence of evidence to support an essential element of these claims. Since the statute of frauds is an affirmative defense, we review that issue under our traditional summary judgment standard.

Under traditional summary judgment standards, a party moving for summary judgment has the burden of establishing as a matter of law that no genuine issue of material fact exists as to one or more essential element of the plaintiff's cause of action or, if the motion is based on an affirmative defense, that the defense is established as a matter of law. *Casso v. Brand,* 776 S.W.2d 551, 556 (Tex.1989); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). If the defendant meets this burden, the plaintiff must then raise a genuine issue of material fact on that element or must produce evidence raising a genuine issue of material fact in avoidance of the affirmative defense. *Gonzalez v. Harlingen,* 814 S.W.2d 109, 112 (Tex.App.—Corpus Christi 1991, writ denied).

On reviewing a summary judgment, an appellate court accepts as true all evidence supporting the non-movant. *Nixon,* 690 S.W.2d at 549. All inferences are indulged in favor of the non-movant and all doubts are resolved in his favor. *Id.* Where, as here, the trial court does not state the grounds for granting the motion, and several grounds are provided, the reviewing court must determine if any of the grounds would support the

judgment. *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 79 (Tex.1989).

■ We apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex.App.—San Antonio 1998, pet. filed); Judge David Hittner & Lynne Liberato, *No–Evidence Summary Judgments Under the New Rule*, in STATE BAR OF TEXAS PROF. DEV. PROGRAM, 20 ADVANCED CIVIL TRIAL COURSE D, D–5 (1997). We look at the evidence in the light most favorable to the respondent against whom the summary judgment was rendered, disregarding all contrary evidence and inferences. *Moore*, at 269; *Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998). A no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Moore*, at 269; TEX.R. CIV. P. 166a(i). Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex.1983). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Havner*, 953 S.W.2d at 711.

### DISCUSSION

### Common Law Fraud

■ In his motion for summary judgment, Bueche argued that the Students had not established their common law fraud cause of action. The elements of that cause are: (1) a material misrepresentation; (2) that was false; (3) that the speaker made knowing of its falsity or made recklessly, without knowledge of its truth; (4) that the speaker intended the plaintiff to act upon; (5) that the plaintiff relied upon; and (6) that injured the plaintiff. *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 688 (Tex.1990), *cert. denied*, 498 U.S. 1048, 111 S.Ct. 755, 112 L.Ed.2d 775 (1991). Bueche argued that the Students did not establish that he made misrepresentations or that statements made by his son amounted to material representations by him. Further, according to Bueche, the pleadings did not establish that his son had his authorization to make any statements about his involvement, assuming such misrepresentations were made.

Since Bueche stated the element of the Students' fraud claim as to which there was no evidence in his motion and attached his affidavit in which he asserts that he made no misrepresentations, the trial court was required to grant the motion unless the Students pointed out evidence that raised a genuine issue of material fact on the challenged element. TEX.R. CIV. P. 166a(i). The Students were *not* required to "marshal [their] proof; [their] response need only point out the evidence that raises a fact issue *on the challenged elements.*" *Comment—1997*, TEX.R. CIV. P. ANN. 7 (Vernon Pamph.1998).

■ We find that the Students' response pointed out evidence that raised a genuine issue of fact. Attached to the Students' response are the affidavits of four of the Students, asserting that: (1) Bueche had shown them lawbooks he claimed to have purchased for the school; (2) Bueche knew his son was telling others that Bueche was helping to support the school financially; (3) in his son's absence, Bueche was available to answer questions about the school; (4) Bueche never disavowed involvement with the operation of the school; (5) they had seen Bueche, with his son, looking over charts and diagrams regarding the school; (6) some of the Students' tuition checks were delivered to Bueche's business, Elegant Marble Imports; (7) registration was accomplished through the Elegant Marble facilities; (8) Elegant Marble Imports appeared to be providing facilities and personnel for the school; and/or (9) Bueche had stated that he and the Bueche family, with their family business, were providing financial support to the school and would help purchase or lease facilities for classrooms. One affidavit stated that, at a social function, Bueche personally thanked the affiant for participating in the

organization of the school. Bueche told the affiant that he personally wanted to make the school succeed and that Bueche appreciated the affiant's support. Each of the affiants declared that, based on these facts, he was "convinced" that Bueche was a "key financial management figure" in the school.

Bueche filed objections to these affidavits, and he asks this court to consider the objections as evidence supporting the summary judgment. The objections are that the affidavits, insofar as they contain statements made by Ken Bueche, are inadmissible hearsay; that statements that Bueche knew his son was telling others that he was helping to finance the venture are conclusory and based on opinion and that they attempt to describe Bueche's state of mind; that the allegation that Bueche "appeared to be" helping with the purchase of books and equipment and assisting in the management of the school was conclusory and based on opinion; and that the statements that the affiants were convinced that Bueche was involved in the finance and management of the school were conclusory.

■■■ That an affidavit contains inadmissible hearsay is a waivable defect. *Einhorn v. LaChance*, 823 S.W.2d 405, 410 (Tex. App.—Houston [1st Dist.] 1992, writ dism'd w.o.j.), *cert. denied*, 517 U.S. 1135, 116 S.Ct. 1420, 134 L.Ed.2d 544 (1996). While Bueche filed objections to the affidavits, he did not obtain a ruling on those objections. *See Utilities Pipeline Co. v. American Petrofina Marketing*, 760 S.W.2d 719, 723 (Tex.App.—Dallas 1988, no writ) (requiring written ruling on summary judgment evidentiary objections). Therefore, they are waived. *See* TEX.R. CIV.EVID. 802. Statements that Bueche and his son were "discussing" plans are not hearsay, unless Ken Bueche's words or the substance of those words are repeated. *See* TEX.R. CIV. EVID. 801(d) (hearsay is *statement* of another, offered to prove truth of matter asserted). These allegations report that discussions took place; they do not report the content of such discussions.

■ A conclusory statement in an affidavit has been held to be a defect in substance rather than a defect in form and is therefore not waivable. *See Progressive County Mut.*

*Ins. Co. v. Carway*, 951 S.W.2d 108, 117 (Tex.App.—Houston [14th Dist.] 1997, writ denied); *Harley–Davidson Motor Co., Inc. v. Young*, 720 S.W.2d 211, 216 (Tex.App.—Houston [14th Dist.] 1986, no writ); Timothy Patton, *Summary Judgments in Texas* 76 (1992). Because we find that the affidavits raise sufficient fact issues regarding Bueche's own alleged misrepresentations, we do not decide whether they sufficiently raise the issue of apparent or actual authority. Assuming without deciding that those statements describing such authority are conclusory, we do not find this defect to be fatal. Even if some statements in an affidavit are conclusory, a reviewing court may find remaining factual assertions that are sufficient to defeat summary judgment. *Marshall v. Sackett*, 907 S.W.2d 925, 933 (Tex.App.—Houston [1st Dist.] 1995, no writ).

We do not agree that the statements regarding what Bueche "appeared" to be doing are conclusory. Those statements are based on the factual assertions that Bueche kept textbooks at his business, accepted tuition payments at his place of business, acted with authority when his son was absent, and made various representations to students regarding the school. We agree that what the affiants were "convinced of" is irrelevant without factual assertions supporting their convictions. However, we find such assertions present.

These affidavits directly refute the evidence presented by Bueche that he made no misrepresentations regarding the school. The alleged misrepresentations—that books and facilities would be furnished for the school and that, implicitly, the school had sound financial backing—were of the sort that a prospective student might rely upon. Although the response only contained affidavits from four of the Students, we find that the affidavits satisfied the burden imposed on each of the Students to point of evidence raising a fact issue on the challenged element of the absence of misrepresentations. Bueche contended that there was no evidence that he made misrepresentations, and the affidavits raise a fact issue as to whether he did. Each Student was not required to prove that Bueche made misrepresentations to that

Student since Bueche only challenged whether he made material misrepresentations at all.

## DTPA

Bueche's summary judgment motion also contended that the Students failed to establish the requisite elements of their DTPA claim. *See* TEX. BUS. & COM.CODE ANN. § 17.46(b)(2), (3), (5), (7), (9), (23), and § 17.50(a)(1), (2), (3) (Vernon Supp.1998). Those elements are: (1) that the plaintiff is a consumer; (2) that the act was a producing cause of actual damages; and (3) that the act was prohibited by section 17.50(a)(1–4) of the Texas Business and Commerce Code. Bueche argued that the Students could not be consumers vis—vis him, because his son owned and operated the school and sold the services of the school. He stated there was no allegation that he authorized any statements made by his son. Bueche argued that any representation by his son reflected nothing more than Bueche's intent to *donate* money to the school. According to Bueche, a donation is not considered a purchase for purposes of the DTPA.

■ A consumer under the DTPA is one who "sought or acquired by purchase or lease." TEX. BUS. & COM.CODE ANN. § 17.45(4) (Vernon 1987 and Supp.1998). To come within this definition, the plaintiff must have sought or acquired goods or services by purchase or lease, and those goods and services must be the basis of the complaint. *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 539 (Tex.1981). A gratuitous act is not a purchased good or service under the Act. *Longview Sav. & Loan Assoc. v. Nabours*, 673 S.W.2d 357, 362 (Tex.App.—Texarkana 1984), *aff'd on other grounds*, 700 S.W.2d 901 (Tex.1985).

■ While here, too, Bueche met his summary judgment burden by asserting that the Students failed to establish their status as consumers, an essential element of their DTPA claim, we find that the four affidavits filed in response to Bueche's motion raise issues of fact that should be determined by a jury. The affiants assert that Bueche's business, Elegant Marble Imports, was used for registration purposes. At least one of the affiants states that he mailed his tuition checks to that business. Another states that Bueche was personally grateful for the affiant's enrolling in the school. These statements raise a fact issue about whether the Students were consumers of services offered by Bueche.

The case cited by Bueche to support his claims that he was doing no more than *donating* money to the school is inapposite to this case. *See Nabours*, 673 S.W.2d at 362. In *Nabours*, the court of appeals determined that the appellee was not a consumer within the meaning of the DTPA because he had not paid consideration to the appellant. *Id.* at 362. Instead, the appellee had merely asked the appellant for consent to purchase a home, and that consent was gratuitous. *Id.*

■ In this case, the Students argue that registration and at least some payment of tuition was accomplished through Bueche's business. Whether Bueche gratuitously donated money to his son's enterprise is not dispositive of our inquiry into whether the Students were consumers; clearly they were. The Students need not be in contractual privity with Bueche in order to be consumers. *See Flenniken v. Longview Bank & Trust Co.*, 661 S.W.2d 705, 707 (Tex.1983); *Inglish v. Union State Bank*, 911 S.W.2d 829, 834 (Tex.App.—Corpus Christi 1995), *rev'd on other grounds*, 945 S.W.2d 810 (Tex.1997); *Allied Towing Serv. v. Mitchell*, 833 S.W.2d 577, 581 (Tex.App.—Dallas 1992, no writ). Consumer status under the DTPA is defined by the plaintiff's relationship to the goods or services, not by his relationship to his opponent. *Mitchell*, 833 S.W.2d at 582. It is enough that the defendant have a relationship to the transaction and enjoy the benefits of that transaction. *Inglish*, 911 S.W.2d at 834. While the Students have not conclusively proven that Bueche has done so, the evidence that some payments were sent to Bueche's business, that he personally thanked students for enrolling in the school, and that he assumed a management position in his son's absence pointed out evidence that raised a fact issue on this element of their DTPA claim.

### Statute of Frauds

Bueche argues that summary judgment was appropriate because the Students' claims are barred by the statute of frauds. *See* TEX. BUS. & COM.CODE ANN. § 26.01(b)(2) (Vernon 1987). Since statute of frauds is an affirmative defense, TEX.R. CIV. P. 94, Bueche retains the burden of conclusively establishing all the elements of the affirmative defense as a matter of law such that there is no genuine issue of material fact. Judge David Hittner & Lynne Liberato, *No-Evidence Summary Judgments Under the New Rule, in* STATE BAR OF TEXAS PROF. DEV. PROGRAM, 20 ADVANCED CIVIL TRIAL COURSE D, D–3 (1997); *see also Pena v. Van,* 960 S.W.2d 101, 105 (Tex.App.—Houston [1st Dist.] 1997, pet. filed) (under new procedure, party with burden of proof at trial has same burden at summary judgment proceeding). We review whether the summary judgment was properly granted based on the statute of frauds under the traditional summary judgment standard.

According to Bueche, his alleged promise to help support the school financially amounted to a "promise to answer for the debt, default, or miscarriage of another person" and, as such, is not enforceable if not in writing. *See* TEX. BUS. & COM.CODE ANN. § 26.01(b)(2) (Vernon 1987). We disagree for several reasons.

■ Initially, we note that, in its present posture, this is not a suit to enforce a contract. Instead, this suit is brought under theories of common law fraud and DTPA violations. This court has held that a DTPA claim is statutory, not contractual. *Webb v. International Trucking Co., Inc.,* 909 S.W.2d 220, 228 (Tex.App.—San Antonio 1995, no writ). In *Webb,* we held that such claims cannot be barred by the statute of frauds. *Id.* Other courts have recognized that, in some cases, DTPA claims may be so barred. *See Rodriguez v. Klein,* 960 S.W.2d 179, 183 (Tex.App.—Corpus Christi 1997, no writ); *Keriotis v. Lombardo Rental Trust,* 607 S.W.2d 44, 46 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.). To determine whether the statute of frauds could bar these and common law fraud claims, those courts look at the relationship of the alleged promise to the purpose of the statute of frauds and the nature of the damages sought. *Keriotis,* 607 S.W.2d at 46 (DTPA claims); *Leach v. Conoco, Inc.,* 892 S.W.2d 954, 960 (Tex.App.—Houston [1st Dist.] 1995, writ dism'd w.o.j.) (fraud claims). Applying this analysis, we conclude the claims are not barred.

The purpose of the statute of frauds is to safeguard the integrity of contracts and to prevent fraud and perjury when those contracts are brought into court. *See Davis v. Crockett,* 398 S.W.2d 302, 305 (Tex.Civ. App.—Dallas 1965, no writ). Damages are sought pursuant to a breach of contract claim and amount to the benefit of the bargain. *Leach,* 892 S.W.2d at 960. The Students here do not seek the benefit of their bargain, or what they would have obtained had any promise been performed. Their final petition seeks return of their tuition, fees, time, and income; damages for mental anguish (not recoverable in a contract action); and attorneys fees. In addition, they sought exemplary damages. We do not believe that this suit can be properly characterized as a suit to enforce an agreement. *See U.S. v. Henderson,* 19 F.3d 917, 922 (5th Cir.1994) (statute of frauds cannot be used to facilitate execution of fraud), *cert. denied,* 513 U.S. 877, 115 S.Ct. 207, 130 L.Ed.2d 137; *Inman v. Wallace,* 558 S.W.2d 554, 556 (Tex.Civ. App.—Waco 1977, no writ) (statute of frauds does not apply where claim is not based upon oral promises or agreement but upon defendant's fraud in making the promise).

■ Even if the statute should apply to these claims, we do not construe the Students' allegations to be that Bueche served as a guarantor of his son's debts. As we read the allegations and the affidavits filed in support of the Students' summary judgment response, the Students claim that Bueche was a *participant* in the founding, financing, and management of the school. *See Keith v. Woodul,* 616 S.W.2d 375, 377 (Tex.Civ.App.— Texarkana 1981, no writ) (where promisor's leading purpose is to serve some interest of his own, his promise to accept the primary responsibility for the debt of another does not fall within the statute of frauds and is enforceable, even if oral). The Students do not characterize Bueche's promises as prom-

ises made to his son to guarantee his debt. Instead, the promises are to the Students—that the school would have books, facilities, financial support, and a future. We find that the statute of frauds is inapplicable to this case.

### Conclusion

The affidavits attached to the Students' response to Bueche's motion for summary judgment pointed out evidence that raised genuine issues of material fact on the elements of the Students' fraud and DTPA claims that were challenged in the motion. We reverse the trial court's judgment and remand the cause for trial.