

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00064-CV

---

SUNDAY SKY PROPERTIES, INC., APPELLANT

V.

TY J. JONES, SUBSTITUTE TRUSTEE AND INDEPENDENT BANK, APPELLEES

---

On Appeal from the 481st Judicial District Court
Denton County, Texas,
Trial Court No. 17-7543-211, Honorable Crystal Levonius, Presiding

---

February 2, 2024

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

In this breach of contract action, Appellant Sunday Sky Properties, Inc., appeals from a take-nothing judgment in favor of Appellees Ty J. Jones, as substitute trustee, and Independent Bank. The trial court reached this disposition following a pre-jury trial hearing conducted under Texas Rules of Civil Procedure 166(e), (g) and 248, and its determination as a matter of law that Sunday Sky could not prevail on its contract claim. Because a genuine issue of material fact precludes disposition as a matter of law, we

reverse the judgment and remand the case to the trial court for proceedings consistent with this opinion.

## Background

Legal Background

Rule 166(g) allows courts to rule on questions of law before trial if no reasonable factfinder could differ in their conclusions about the evidence.[1] *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018). To ensure that we do not supplant the judgment of the factfinder in resolving disputed issues, our review "must consider evidence in the light most favorable to the verdict, and indulge every reasonable inference that would support it. But if the evidence allows of only one inference, neither jurors nor the reviewing court may disregard it." *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). This is the same standard to be applied for all stages of legal sufficiency review, including motions for summary judgment, directed verdicts, and judgments notwithstanding the verdict. *Id.* at 825. Consistent with this standard, we will discuss the disputed evidence in a light that is most favorable to Appellant as the non-moving party.

Factual Background

Sunday Sky, a real estate investment firm, attempted to purchase a property at a foreclosure sale at the Denton County Courthouse on September 5, 2017. The company's president, Yossi Barzani, delegated Dan Kimmel to bid on behalf of Sunday

---

[1] *See also Rodriguez v. JPMorgan Chase Bank, N.A.,* No. 04-14-00342-CV, 2015 Tex. App. LEXIS 6105, at *21 (Tex. App.—San Antonio June 17, 2015, pet. denied) (mem. op.) (holding that although a motion brought pursuant to TEX. R. CIV. P. 248 is not the same as a motion for summary judgment, it is "a simple vehicle used to present a question of law that required disposition prior to trial.").

Sky. Sunday Sky placed a winning bid of $311,000 at 12:30 p.m., but Kimmel lacked sufficient funds. Jones testified he told bidders they would have "45 minutes from the commencement of the sale" to produce sufficient funds for the sale, whereas a narrative Jones was instructed to read gave the winning bidder until 1:00 p.m.[2] The testimonial evidence is in conflict about what, if anything, Jones actually said:

- Jones testified he gave Kimmel/Sunday Sky until 12:50 p.m. "as a courtesy";

- A witness said he heard Jones give a deadline of 1:15 p.m. to pay for the purchase.

- Barzani testified that during a telephone conversation, Jones agreed to extend the payment deadline until 1:30 p.m.

Minutes before 1:00 p.m., Jones reconvened bidding.[3] Barzani testified that he arrived at the Denton County Courthouse with cashier's checks for the purchase price at 1:13 p.m.,[4] and saw Jones processing paperwork. Barzani answered "Uh-huh" when asked if he "produced" the cashier's checks for payment; he also allegedly told Jones he had the necessary cashier's checks for the purchase and "came here to buy the property." Jones told Barzani that he had recommenced the auction and sold the property to another bidder.

---

[2] The notice of trustee's sale does not state a time for payment to be made. The "narrative" provides that if a third-party bidder who has made the highest bid does not have sufficient cash but can obtain the funds within a reasonable period of time before 1:00 p.m., Jones was instructed to announce, "I am going to allow the high bidder until 1:00 o'clock to obtain the cash. We will reconvene at this spot at that time. If the high bidder does not produce the cash at that time, we will start the bidding over at the beginning."

[3] Jones testified he reconvened bidding before 1:00 p.m. because of his understanding of the Texas Property Code. This appears to be a reference to TEX. PROP. CODE ANN. § 51.002(c), which requires sales of property under a contract lien to commence no later than three hours after the time scheduled on the notice of sale. The notice of trustee's sale said the auction would begin no earlier than 10:00 a.m. and not later than three hours later.

[4] According to Appellee, Barzani's "Life360" app on his phone indicated he did not arrive at the courthouse until 1:22 p.m.

3

Sunday Sky brought suit, alleging breach of contract. Just before trial, Independent Bank moved for summary disposition of Sunday Sky's entire case via Texas Rules of Civil Procedure 166(e), (g) and 248. After a non-evidentiary hearing, the trial court rendered judgment that Sunday Sky take nothing. Sunday Sky brought the present appeal, which was transferred from the Second Court of Appeals to this Court under the Supreme Court's docket equalization order. *See* TEX. GOV'T CODE ANN. § 73.001; TEX. R. APP. P. 41.3 (transferee court must apply the precedent of the transferring court).

**Analysis**

<u>Is the Oral Deadline to Tender Payment Subject to the Statute of Frauds?</u>

In the first issue, we are asked whether Sunday Sky can rely on Jones's alleged oral statements to extend the deadline to tender payment. The statute of frauds requires that to be enforceable certain agreements must be in writing and signed by the person charged with the promise. TEX. BUS. & COM. CODE ANN. § 26.01(a). Agreements to purchase real estate are subject to the statute of frauds. TEX. BUS. & COM. CODE ANN. § 26.01(a), (b)(4). To satisfy the statute of frauds, "there must be a written memorandum which is complete within itself in every material detail, and which contains all of the essential elements of the agreement, so that the contract can be ascertained from the writings without resorting to oral testimony." *Copano Energy, LLC v. Bujnoch*, 593 S.W.3d 721, 727 (Tex. 2020) (quoting *Cohen v. McCutchin*, 565 S.W.2d 230, 232 (Tex. 1978)). Because the statute of frauds is an affirmative defense, TEX. R. CIV. P. 94, Appellees possessed the burden of conclusively establishing its elements as a matter of law such that there is no genuine issue of material fact. *Moritz v. Bueche*, 980 S.W.2d 849, 856 (Tex. App.—San Antonio 1998, no pet.).

4

Although the Second Court of Appeals has not expressly addressed this precise question, its resolution of similar questions leads to a single conclusion. First, we note that in ordinary real estate transactions, the time to tender payment is not an essential term unless the contract explicitly states that time is of the essence. *Tabor v. Ragle*, 526 S.W.2d 670, 675 (Tex. App.—Fort Worth 1975, writ ref'd n.r.e.) (rejecting statute of frauds as a defense) (citing, among others, *Johnson v. Portwood*, 89 Tex. 235, 34 S.W. 596 (1896)). Similarly, Texas Property Code section 51.0075(f) provides in part, "The purchase price in a sale held by a substitute trustee under this section is due and payable without delay on acceptance of the bid <u>or within such reasonable time as may be agreed upon by the purchaser and the trustee or substitute trustee if the purchaser makes such request for additional time to deliver the purchase price.</u>" (emphasis added). We find no document in the record that states a specific deadline for payment,[5] nor do we see anything that otherwise prevents the parties from agreeing to additional time to deliver the purchase price.

Second, we find the Second Court's holding in *Key v. Pierce*, 8 S.W.3d 704, 708 (Tex. App.—Fort Worth 1999, pet. denied) to be instructive. The basic question in *Key* is very similar to the issue here: whether the representative for the substitute trustee can give additional time for the winning bidder to return with sufficient funds to purchase real estate. Although the Second Court expressly declined to decide whether these facts presented a statute of frauds question, it nevertheless held that three writings—(1) the notice of sale; (2) the deed of trust; and (3) the tendered cashier's check—would satisfy

---

[5] Independent Bank argues that the "Narrative for Substitute Trustee's Sale" expressly sets out a 1:00 p.m. deadline. However, we disagree that this evidences an essential term that governed the auction. The evidence is in conflict as to whether Jones actually announced this time. Moreover, the document reveals the 1:00 p.m. deadline is only announced *after* the winning bid has been accepted.

5

the statute of frauds. *Id.* at 708 and n.16. In the present appeal, the record contains the notice of substitute trustee's sale, which includes a description of the property, states the property will be sold to the highest bidder for cash, and is signed by a substitute trustee. The record also contains the deed of trust. However, given the conflicting state of the evidence, reasonable minds could disagree over whether the time for Barzani to tender payment was (1) 12:50 p.m., the deadline Jones said he verbally announced; (2) 12:58 p.m., when Jones recommenced bidding; (3) 1:00 p.m., the deadline listed on the narrative; (4) 1:15 p.m., the deadline that a third party heard Jones announce; or (5) 1:30 p.m., the deadline Barzani said Jones had given him.

Did Sunday Sky Tender Payment?

Independent Bank also argues the judgment should be affirmed because Sunday Sky did not present evidence that it "tendered" payment via actual production of funds. *See Baucum v. Great Am. Ins. Co.,* 370 S.W.2d 863, 866 (Tex. 1963). However, courts have held that a formal tender is excused where the creditor has indicated it is unwilling to accept what is due. *Jensen v. Covington,* 234 S.W.3d 198, 206 (Tex. App.—Waco 2007, pet. denied) (citing *Strickland v. Coleman,* 824 S.W.2d 188, 193 (Tex. App.—Houston [1st Dist.] 1991, no writ)). Here, the evidence in the record indicates that Barzani "produced" the cashier's checks to Jones, who replied that the property had been sold to another buyer.

While a jury might ultimately find against Appellant at trial on these disputed questions, we find that resolving that question as a matter of law is not possible on this record. We sustain Appellant's first issue.

<u>Independent Bank's "Cross-Point"</u>

In its brief for Appellee, Independent Bank purports to bring a cross-point to argue the judgment should be affirmed because the judgment is consistent with statements made from the bench by another judge who heard, and rejected, Sunday Sky's application for temporary injunction and motion to expunge lis pendens. The only question to be decided in a temporary injunction hearing is whether the status quo should be preserved. *Transp. Co. v. Robertson Transps., Inc.*, 152 Tex. 551, 261 S.W.2d 549, 552 (1953). To use a temporary injunction hearing to adjudicate the litigants' positions on the merits without a trial would constitute error. *Bright Land & Cattle, LLC v. PG-M Int'l, LLC,* No. 07-16-00336-CV, 2017 Tex. App. LEXIS 2083, at *4–5 (Tex. App.—Amarillo Mar. 9, 2017, no pet.) (mem. op.). We will not presume the judge intended to rule on the merits of Sunday Sky's claims when it ruled on the request for temporary injunction, or that the trial court rendered judgment in reliance on the earlier ruling. Independent Bank's cross-point is overruled.

## Conclusion

We reverse and remand the case to the trial court for proceedings consistent with this opinion. TEX. R. APP. P. 43.2(d).

Lawrence M. Doss
Justice

7