**E.M. GILMORE, Jr., individually, R.J. Hayes, individually, and E.M. Gilmore, Jr. and R.J. Hayes dba Alamo Bail Bonds, A–Alamo Bail Bonds, AA Alamo Bail Bonds, Appellants,**

v.

**Ralph LOPEZ, individually and as Sheriff of Bexar County, Texas, Appellee.**

No. 96–01029–CV.

Court of Appeals of Texas, San Antonio.

Jan. 28, 1998.

Rehearing Overruled April 6, 1998.

Edward P. Piker, Jr., Law Offices of Piker & Laughlin, San Antonio, for appellant.

Lori W. Hanson, Asst. Criminal Dist. Atty., Civil Section, San Antonio, for appellee.

Before STONE, GREEN and DUNCAN, JJ.

## OPINION

STONE, Justice.

This appeal arises from a grant of summary judgment against appellants (collectively hereinafter Gilmore) in a suit brought by Gilmore against Ralph Lopez and the Texas Attorney General. The underlying suit stems from the supreme court's determination that county Commissioners' Courts are not authorized to impose, and county Sheriffs do not have the authority to collect, pre-conviction bail bond approval fees. *See Camacho v. Samaniego,* 831 S.W.2d 804, 815 (Tex.1992). The supreme court held the practice of imposing and collecting such fees unauthorized by statute and impermissible. *Id.* The plaintiffs in this suit were bail bondsmen during Bexar County's collection of bail bond fees and filed this suit on March 7, 1996. In their petition, Gilmore alleged the unconstitutionality of collecting pre-conviction bail bond fees and sought (1) a declaration that the fees were unconstitutional and void; (2) past fees paid from the inception of their collection; (3) fourfold the fees paid under an extortion cause of action; and (4) any other relief including pre-judgment interest, attorney's fees, and costs. Lopez sought summary judgment based on official immunity and limitations. The trial court granted Lopez's motion for summary judgment, finding a two year statute of limitations barred Gilmore's claim. Gilmore brings this appeal, contending the trial court erred in applying a two year statute of limitations.

We affirm the judgment of the trial court.

## ARGUMENT AND AUTHORITY

In one point of error, Gilmore contends the trial court erred by granting summary judgment based on a two year statute of limitations. Gilmore argues the original petition included three separate causes of action: a taking in violation of the Texas Constitution, extortion, and collection of a debt. Gilmore concedes a two year statute of limitations governs the taking and extortion causes of action. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003 (Vernon 1986). Therefore, we need address only Gilmore's contention that the pleadings included a cause of action for a debt.

The collection of debt is governed by a four year statute of limitations. *Id.* at § 16.004. Gilmore argues the pleadings allege a debt cause of action because a debt is analogous to an unauthorized tax, which in turn is analogous to the collection of an improper fee. However, prior to applying a statute of limitations, we must determine whether the petition gives fair notice of the alleged claim. We find the facts alleged in the petition fail to give notice of a claim for the collection of a debt.

■ "A petition must give 'fair and adequate notice of the facts upon which the pleader bases his claim.' " *SmithKline Beecham Corp. v. Doe,* 903 S.W.2d 347, 354–55 (Tex.1995) (citing *Roark v. Allen,* 633 S.W.2d 804, 810 (Tex.1982)). In *SmithKline,* the Supreme Court noted, "we do not, as a rule, give pleadings a too cabined reading," and courts should entertain causes of action reasonably inferred from those specifically plead. *SmithKline,* 903 S.W.2d at 354–55 (citing *Boyles v. Kerr,* 855 S.W.2d 593, 599 (Tex.1993)). However, the Court also noted the need for the petition to give reasonable notice of the claims asserted. *SmithKline,* 903 S.W.2d at 355; *see also Boyles,* 855 S.W.2d at 599 (holding grossly negligent infliction of emotional distress not reasonably inferred from allegation of negligent infliction of emotional distress). *But see Roark,* 633 S.W.2d at 810 (inferring negligent use of forceps from allegations that baby suffered a fractured skull during delivery); *Gulf, Colo.*

& S.F. Ry. v. Bliss, 368 S.W.2d 594, 599 (Tex.1963) (noting an allegation of sole cause necessarily includes an allegation of proximate cause). We believe the case before this court is more similar to *SmithKline* and *Boyles* than *Roark* or *Gulf.*

In *SmithKline*, Doe brought suit against Smithkline, a company which administered employee drug tests, pleading seven causes of action surrounding the company's failure to inform its clients (prospective employers) of the effect of eating poppy seeds before taking Smithkline's drug test. The trial court granted summary judgment holding Smithkline owed no duty to Doe. The court of appeals affirmed in part, but reversed and remanded the summary judgment for the negligence cause of action. *See Doe v. SmithKline Beecham Corp.*, 855 S.W.2d 248, 256 (Tex.App.—Austin 1993), *aff'd as modified*, 903 S.W.2d 347 (Tex.1995). The appeals court inferred a misrepresentation cause of action from Doe's negligence pleadings because, "Smithkline created a possibility of misinterpretation of the information it provides." *SmithKline*, 855 S.W.2d at 256. However, the supreme court rejected this inference, relying on the facts that Doe (1) did not plead misrepresentation, (2) no such claim was included in the seven specific causes of action, and (3) the petition does not allude to misrepresentation in any way. *SmithKline*, 903 S.W.2d at 354. The court stated, "there is simply no reasonable way to read Doe's allegations as claiming misrepresentation." *Id.* at 355. We follow the supreme court's guidance in the present case.

■ Gilmore's petition prays for damages and past fees paid from the improper collection of bail bond fees. When determining the causes of action which arise from the petition, Gilmore gives fair and adequate notice by directing us to article 3909 of the Texas Revised Civil Statutes Annotated; Article II, section 1 of the Texas Constitution; and Article I, section 17 of the Texas Constitution. Included in these constitutional and statutory causes of action are takings and extortion, both of which are governed by a two year statute of limitations. Similar to the facts in *SmithKline*, Gilmore did not plead the collection of a debt, no claim plead

includes an allegation of a debt, and the petition as a whole fails to allude to a debt cause of action. Therefore, nothing in the petition allows us to reasonably infer a claim for the collection of a debt.

We also find support for our disposition of this appeal from the Dallas Court of Appeals. In *Bowles v. Clipp*, 920 S.W.2d 752 (Tex. App.—Dallas 1996, writ denied), the court dealt with similar issues. A class of bail bondsmen brought a suit against the Sheriff of Dallas County stemming from identical facts to the present case. The trial court applied a four year statute of limitations, allowing the class to recover fees four years prior to the suit. The court of appeals rejected the four year limitations period, applying the two year limitations period governing a taking. *Id.* at 760. The class similarly argued the claims were most analogous to a debt, but the court based its decision on the fact that "the class specifically argued that its personal property was taken for public use under Article I, Section 17 of the Texas Constitution." *Id.* By recognizing the class's debt argument and failing to apply a four year statute of limitations, the court determined no debt cause of action existed in the case. Even though the court did not specifically hold as such, we believe the court's analysis supports our finding that merely pleading extortion and taking causes of action does not, without more, give fair and adequate notice of a debt cause of action.

### CONCLUSION

We hold the trial court did not err in applying a two year statute of limitations. Since the supreme court decided *Camacho* on May 6, 1992, Gilmore was required to bring its claims prior to May 6, 1994. Gilmore did not file suit until March 7, 1996. Therefore, the trial court properly granted the motion for summary judgment. Accordingly, the judgment of the trial court is affirmed.