NUMBER 13-98-579-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


KAREN SLATON, Appellant,


v.



PITMAN PHOTO, INC., MICHAEL WERNER, AND

PROFESSIONAL ADVERTISING CONSULTANTS, INC., Appellees.

____________________________________________________________________


On appeal from the 197th District Court of Cameron

County, Texas.

____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Hinojosa and

Yañez

Opinion by Justice Hinojosa



 Appellant, Karen Slaton, was injured in an automobile accident on
May 12, 1995, on South Padre Island. On February 3, 1997, she filed
suit in Cameron County against: (1) Debra Moore (the driver of the
vehicle in which Slaton was a passenger) for negligence; (2) Kevin
Maupin (the person who rented the vehicle and gave Moore permission
to drive it) for negligent entrustment; and (3) Pitman Photo, Inc.
(Maupin's employer) under the doctrine of respondeat superior.(1) On
May 11, 1998, one day less than three years after the accident, Slaton
filed her First Amended Petition and added two more defendants: (4)
Michael Werner, president of Pitman Photo; and (5) Professional
Advertising Consultants, Inc. ("PAC"), another Werner company.

 Appellees, Pitman Photo, Werner and PAC, filed their Amended
Motion for Summary Judgment(2) on June 8, 1998. On July 29, 1998,
the trial court granted the motion for summary judgment, ordered a
severance, and signed a final take-nothing judgment. By three points
of error, Slaton contends the trial court erred in granting the motion for
summary judgment because: (1) a genuine issue of material fact exists
regarding whether Moore was acting within the course and scope of
her employment or agency for appellees; (2) the proper statute of
limitations is the three-year statute applicable in Jones Act and general
maritime torts; and (3) appellees did not address Slaton's maritime
causes of action in their amended motion for summary judgment.

A. Standard of Review


 When reviewing a summary judgment granted under Texas Rule
of Civil Procedure 166a(c), an appellate court must follow these well-established rules:

(1) the movant has the burden of showing that there is no
genuine issue of material fact and that it is entitled to
judgment as a matter of law;


(2) in deciding whether there is a disputed material fact
issue precluding summary judgment, evidence
favorable to the nonmovant will be taken as true; and


(3) every reasonable inference must be indulged in favor of
the nonmovant and any doubts must be resolved in
favor of the nonmovant.


American Tobacco Co., Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex.
1997); Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985); see also Tex. R. Civ. P. 166a. A defendant's motion for
summary judgment should be granted if he disproves at least one
essential element of each of the plaintiff's causes of action, or if he
establishes all the elements of an affirmative defense as a matter of law. 
Grinnell, 951 S.W.2d at 425; Science Spectrum, Inc. v. Martinez, 941
S.W.2d 910, 911 (Tex. 1997); Randall's Food Mkts., Inc. v. Johnson,
891 S.W.2d 640, 644 (Tex. 1995). Evidence favoring the movant's
position will not be considered unless it is uncontradicted. Great Amer.
Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41,
47 (Tex. 1965). Once the movant establishes his right to summary
judgment as a matter of law, the burden shifts to the nonmovant to
offer any issue or evidence that would preclude summary judgment. 
City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex.
1979).

 A no-evidence summary judgment granted under Texas Rule Civil
Procedure 166a(i) is essentially a pretrial directed verdict, and we apply
the same legal sufficiency standard in reviewing a no-evidence
summary judgment as we apply in reviewing a directed verdict. Zapata
v. Children's Clinic, 997 S.W.2d 745, 747 (Tex. App.--Corpus Christi
1999, pet. filed); Moritz v. Bueche, 980 S.W.2d 849, 853 (Tex.
App.--San Antonio 1998, no pet.); Moore v. K Mart Corp., 981 S.W.2d
266, 269 (Tex. App.--San Antonio 1998, pet. denied). We review the
evidence in the light most favorable to the respondent against whom
the summary judgment was rendered, disregarding all contrary
evidence and inferences. Merrell Dow Pharm., Inc. v. Havner, 953
S.W.2d 706, 711 (Tex. 1997); Zapata, 997 S.W.2d at 747; Connell v.
Connell, 889 S.W.2d 534, 537 (Tex. App.--San Antonio 1994, writ
denied). A no-evidence summary judgment is improper if the
respondent brings forth more than a scintilla of probative evidence to
raise a genuine issue of material fact. Havner, 953 S.W.2d at 711;
Zapata, 997 S.W.2d at 747. Less than a scintilla of evidence exists
when the evidence is so weak as to do no more than create a mere
surmise or suspicion of a fact. Kindred v. Con/Chem, Inc., 650 S.W.2d
61, 63 (Tex. 1983); Zapata, 997 S.W.2d at 747. More than a scintilla
of evidence exists when the evidence rises to a level that would enable
reasonable and fair-minded people to differ in their conclusions. 
Havner, 953 S.W.2d at 711; Zapata, 997 S.W.2d at 747.

 If a summary judgment is granted generally, without specifying
the reason, it will be upheld if any ground in the motion for summary
judgment can be sustained. Carr v. Brasher, 776 S.W.2d 567, 569
(Tex. 1989); Weakly v. East, 900 S.W.2d 755, 758 (Tex. App.--Corpus
Christi 1995, writ denied); Benavides v. Moore, 848 S.W.2d 190, 192
(Tex. App.--Corpus Christi 1992, writ denied).

B. Facts


 Viewed in the light most favorable to the nonmovant, the
summary judgment evidence shows the facts leading up to the accident
as follows: Maupin, Moore's "boyfriend, kind of," who worked as a
production manager for Pitman Photo in Miami, called and invited
Moore to attend an American Powerboat Association race to be held on
South Padre Island during the weekend of May 12, 1995. Maupin was
to be the navigator of a powerboat owned by PAC, a company owned
by Werner. Werner was also president of Pitman Photo. Moore had
previously met Werner and Maupin at a boat race held in Galveston. 
Pitman Photo paid PAC for the race expenses. Maupin asked Moore to
find a company that would be willing to provide them with free food in
exchange for having its logo placed on the powerboat, and sent her
some American Powerboat Association literature containing the names,
addresses and telephone numbers of some South Padre Island
businesses. Moore enlisted a pizza restaurant, which provided the
group with free food and drinks; the powerboat carried the restaurant
logo as well as the Pitman Photo logo. Maupin had to get Werner's
approval before this arrangement was finalized. Maupin agreed to pay
for Moore's airfare, lodging and "whatever [Moore] wanted" on the trip. 
Moore, her daughter Amy, and another mutual friend, Van Shotwell,
flew together from Houston to South Padre Island.

 Maupin volunteered his time at the boat race that weekend; he
was not compensated for his time. Navigating the boat was not part
of his duties as a Pitman Photo employee. Maupin's group, which
included Werner, arrived at the island first. They had rented a two-story
condominium for the whole group. Maupin met Moore at the airport,
where he rented a Buick Regal in his name alone. He paid for the car
rental himself. Werner had brought his own Suburban for his and the
crew's use.

 Slaton, a friend of Moore's from Houston, had made her own
independent plans to travel to South Padre Island to watch the boat
race. However, her plans fell through, and she arrived at the Island
with no place to stay.(3) Moore asked the group if Slaton could stay at
the condominium with the rest of the group. Maupin and Werner
reluctantly agreed. Werner told Moore that Slaton was a "golddigger,"
and he did not like Moore inviting her along. Werner never invited
Slaton to the race. Slaton ended up sleeping on a couch at the condo.

 On the morning of the accident, Moore, Shotwell and Slaton rode
on the boat in a parade; they posed for pictures with the mayor. They
wore T-shirts imprinted with the Pitman Photo and pizza restaurant
logos, and they passed out menus from the restaurant. At Maupin's
request, Moore used the rental car to run several errands for the boat
crew. Alcohol was consumed during and after the parade. At some
point the group returned to the condo. Maupin gave Moore some
money and the keys to the rental car and asked her to run to a nearby
"Circle K" convenience store for supplies.(4) Moore complied, and Slaton
went with her. On the return trip, they had a minor collision with
another car, causing the air bags to inflate. Slaton sustained injuries to
her face and eye. She was taken to the hospital, but released later that
evening. The boat race was canceled the next day due to bad weather,
and the group returned to their respective homes. 

 Moore never filled out a job application, received a paycheck,
signed an employment contract, or received a W-2 form from Pitman
Photo. She has never considered Pitman Photo her employer. Pitman
Photo did not pay for her airfare. Attending boat races was a hobby of
hers, and when Maupin asked her to arrange a sponsorship, she did not
ask for anything in return. Maupin probably would have paid her airfare
and other expenses because of their personal relationship.

C. Motion for Summary Judgment of Werner and PAC


 By her second point of error, Slaton contends the trial court erred
in granting Werner and PAC's motion for summary judgment because,
even though they were not joined until more than two years after the
accident, the federal three-year statute of limitations for Jones Act and
general maritime law torts applies, not the Texas two-year statute of
limitations.

 Generally, a suit arising out of a personal injury must be filed
within two years of the date the injury occurred. Tex. Civ Prac. & Rem.
Code Ann. § 16.003 (Vernon Supp. 2000). However, the statute of
limitations for Jones Act and general maritime law torts is three years
from the date the injury occurred. 46 U.S.C. § 763a. Which statute of
limitations applies in this case depends on what causes of action were
pleaded by Slaton.

 In neither the Plaintiff's Original Petition nor the Plaintiff's First
Amended Petition (Slaton's last live pleading before the summary
judgment) is there any mention of, or reference to, her reliance on either
the Jones Act or federal maritime law. The amendment adds Werner
and PAC as defendants to the lawsuit, and both were sued as the
employers of Moore and Maupin, or in the alternative, as the employers
of Slaton.

 Pleadings must give fair and reasonable notice of the claims
asserted. Tex. R. Civ. P. 47; SmithKline Beecham Corp. v. Doe, 903
S.W.2d 347, 354 (Tex. 1995); Gilmore v. Lopez, 974 S.W.2d 67, 68
(Tex. App.--San Antonio 1998, pet. denied); Garner v. Corpus Christi
Nat'l Bank, 944 S.W.2d 469, 476-77 (Tex. App.--Corpus Christi 1997,
writ denied), cert. denied, 525 U.S. 965 (1998). A court should uphold
a petition containing a cause of action that a person may reasonably
infer from what is specifically stated, even if an element of the cause of
action is not specifically alleged. SmithKline, 944 S.W.2d at 476; Boyles
v. Kerr, 855 S.W.2d 593, 601 (Tex. 1993).

 To show the status of seaman, necessary to maintain a Jones Act
claim, there are two essential requirements: (1) an employee's duties
must contribute to the function of the vessel or to the accomplishment
of its mission; and (2) a seaman must have a connection to a vessel in
navigation (or to an identifiable group of such vessels) that is
substantial in terms of both its duration and its nature. Harbor Tug &
Barge Co. v. Papai, 117 S. Ct. 1535, 1540 (1997) (citing Chandris, Inc.
v. Latsis, 515 U.S. 347, 368 (1995)); see also 46 U.S.C. § 688. To
invoke admiralty jurisdiction and assert a general maritime law claim,
the plaintiff must show that: (1) the wrong occurred in navigable
waters, and (2) the wrong had a significant relationship to traditional
maritime activity. 46 U.S.C. app. § 740; Jerome B. Grubart, Inc. v.
Great Lakes Dredge & Dock Co., 513 U.S. 527, 532 (1995) (citing
Executive Jet Aviation, Inc. v. Cleveland, 409 U.S. 249 (1972)).

 We find nothing in Slaton's pleadings that can be construed as
invoking these causes of action. The record shows appellees filed a
vigorous and well-briefed motion for summary judgment, but they did
not address any Jones Act or maritime claims. The claims were first
raised by Slaton in her response to appellees' motion for summary
judgment. After reviewing the record, we conclude that Slaton did not
plead any Jones Act or maritime causes of action in her First Amended
Petition, and that appellees were not on notice of any such claims.

 Because Slaton did not properly plead any Jones Act or maritime
causes of action, we hold the three-year federal statute of limitation
does not apply. Because Slaton did not add Werner and PAC as
defendants in this case within the two-year Texas statute of limitations,
we hold the trial court did not err in granting their motion for summary
judgment.

 We overrule Slaton's second point of error. In light of our
disposition of this point of error, it is not necessary to address Slaton's
third point of error. Tex. R. App. P. 47.1.

D. Motion for Summary Judgment of Pitman Photo


 By her first point of error, Slaton contends the trial court erred in
granting the motion for summary judgment of Pitman Photo because a
genuine issue of material fact exists as to whether Moore was acting
within the course and scope of her employment or agency with Pitman
Photo.

 Slaton seeks to hold Pitman Photo vicariously liable for the
negligence of Moore on the theory that Moore was an employee or
agent of Pitman Photo. Under the doctrine of respondeat superior, an
employer is vicariously liable for the negligence of an agent or employee
acting within the scope of his or her agency or employment, although
the principal or employer has not personally committed a wrong. 
Baptist Mem. Hosp. Sys. v. Sampson, 969 S.W.2d 945, 947 (Tex.
1998); DeWitt v. Harris Co., 904 S.W.2d 650, 654 (Tex. 1995);
Restatement (Second) of Agency § 219 (1958). The most frequently
proffered justification for imposing such liability is that the principal or
employer has the right to control the means and methods of the agent's
or employee's work. Sampson, 969 S.W.2d at 947 (citing Newspapers
Inc. v. Love, 380 S.W.2d 582, 585-86 (Tex. 1964)). A mere scintilla of
control does not establish an employer-employee relationship. Alvarado
v. Old Republic Ins. Co., 951 S.W.2d 254, 264 (Tex. App.--Corpus
Christi 1997, no writ). 

 We find no summary judgment evidence showing that Moore was
an employee or agent of Pitman Photo, or that she was acting within
the scope of her duties as an agent or employee when the accident
occurred. Moore attended the race at the request of her "kind of"
boyfriend, Maupin, who himself was not acting within the scope of his
employment duties. Moore testified that her interest in the boat race
was a hobby. Maupin testified that his participation was voluntary, and
that he was not paid for his time that weekend. Werner, the owner of
Pitman Photo, testified that Maupin was not acting within the scope of
his employment duties that weekend, and that Moore was never an
employee of Pitman Photo.

 The summary judgment evidence shows that a group of mutual
acquaintances decided to attend a boat race together at South Padre
Island. The objective was a fun weekend getaway with friends. Slaton
has not produced any summary judgment evidence to contradict this
evidence. There is simply no summary judgment evidence that Pitman
Photo had any right to control Moore's actions at the time of Slaton's
injury.

 We conclude that Moore was not an employee or agent of Pitman
Photo, and that she was not acting within the scope of her duties as an
agent or employee of Pitman Photo when the accident occurred. 
Accordingly, we hold the trial court did not err in granting Pitman
Photo's motion for summary judgment. We overrule Slaton's first point
of error.

 We affirm the trial court's order granting appellees' motion for
summary judgment.


 FEDERICO G. HINOJOSA

 Justice



Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this 

the 10th day of August, 2000.


1. Slaton alleged that Moore and Maupin were employees, agents or
servants of Pitman Photo, acting within the scope of their duties.
2. Pitman Photo had filed a motion for summary judgment on its own behalf
before Werner and PAC were added as defendants. That motion was denied.
3. It is unclear whether Slaton was on the same flight as the Moore group.
4. The "supplies" included cigarettes, water, soft drinks, beer, Zima, and
food.